Woolbright *vs.* Sneed.

No. 18.—JOHN WOOLBRIGHT, plaintiff in error, *vs.* DUDLEY SNEED, defendant.

[1.] If A make to B simultaneously, two propositions to buy goods, one in writing, and the other in parol, B has the right to elect which he will accept, and A will be bound by it. If he elect the written proposition, the writing is the only evidence of what the contract was.

[2.] If a letter offering to buy goods, contain alternative propositions, the vendor has the right to elect which he will accept, and the buyer will be bound by it. Whether, (in an action for the price of the goods,) the vendor elected the one or such other of the propositions, may be put in issue, by the defendant in his proof, and must be left to the Jury.

[3.] In a promise by A to B, that he will pay him so much money, "so soon as he can collect it out of C by law," the qualification has reference to time, and not to the solvency of C. In an action by B, on such a promise, it is necessary for him to prove, that a reasonable length of time has elapsed, for the purpose of collecting money by law, from the date of the promise.

[4.] On such a promise, B's right of action does not accrue until after the lapse of a reasonable time, and the statute does not commence to run against him, until after the lapse of such time.

Assumpsit in Lee Superior Court. Tried before Judge WAR-REN, May Term, 1848.

The facts may be found in the opinion of the Court.

STROZIER, for plaintiff in error. ,

LYON & BROWN, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

This was an action of assumpsit, brought by Dudley Sneed, against John Woolbright, for the price of a piano. Upon the trial, the plaintiff read in evidence the following letter from the defendant to the plaintiff.

*Palmyra, Feb. 24th,* 1841.

" MR. D. SNEED.—I have concluded to take your piano forte, provided you will take Tyson's note for three hundred dollars, which will be collected as soon as the law will collect it, or I will pay you three hundred dollars as soon as I can make it out of him by law. You must warrant it to be a good one, also in good repair. You may send it to me on these terms.

[Signed,] JOHN WOOLBRIGHT.

He also proved by Mr. Jacob Strozier, that he bore the letter from the defendant to the plaintiff, and was employed by the defendant, to bring the piano from plaintiff to the defendant; that plaintiff delivered it to him ; that at the time he delivered the letter and received the piano, he told the plaintiff, (Sneed,) that the defendant (Woolbright,) had instructed him to say to the plaintiff, that if he would not take Tyson's note for the piano, he (the defendant,) would not take it, and when he made this statement, the plaintiff replied, that the defendant must have it, and got up and delivered the piano.

He also proved by Mr. Peter J. Strozier, that he, about that time, held a note for collection upon Isaac Tyson, belonging to the defendant, which was sued and proceeding to judgment, for about

three hundred and fifty dollars; that soon after that time, the plaintiff called upon him, and told him that he had traded for the note, and wanted it collected as soon as it could be done.    That the defendant also told him, that he had traded the note to plaintiff, and that he collected and paid over to the plaintiff, fifty dollars on the note.    The plaintiff closed, and the defendant introduced no testimony.    In his defence, he relied upon the general issue payment and the Statute of limitations, all of which he pleaded.

The Court, in submitting the cause to the jury, instructed them, "that the contract as proven by the plaintiff, entitled him to recover, if the defendant had time to collect the money out of Tyson, unless the jury believed from the evidence, that Sneed accepted the note as payment; and that the defendant was bound to collect the money out of Tyson, in a reasonable time, and if he did not, he was bound to pay it himself, and that it was not necessary for the plaintiff to shew, that he had, or could have collected the money out of Tyson in order to fix his liability.    That the letter of the defendant was to govern them in their finding; that by said letter, the defendant bound himself to pay (unless Sneed took the note in payment) to the plaintiff, three hundred dollars, if he did not collect it out of Tyson in a reasonable time; And that the Statute of limitations did not commence to run in favor of the defendant from the date of the contract, but only after a reasonable time, allowed the defendant to collect the money out of Tyson.

The defendant excepted to the instructions of the Court, claiming, that according to the evidence of Mr. Strozier, who delivered the letter of the defendant to the plaintiff, the contract was that the plaintiff was to take the note in absolute payment for the piano, and therefore, he had no right in law to recover against him the price thereof.

2d. That by the testimony, the plaintiff took the note in absolute payment; having elected under the contract to take it in payment, he had no right of action against the defendant.

3d. That by the contract as claimed by the plaintiff, if the defendant is bound at all to pay for the piano, it is a condition precedent to his recovery, that the plaintiff prove that the defendant either had collected, or might have collected, the Tyson note.

4th. That plaintiff's action is barred by the Statute of limitations, because the Statute commenced running against him from the date of the contract.

We think that the Court was right throughout.    The letter of the defendant to the plaintiff, was the evidence of what the contract really was.    If a party makes simultaneously, two propositions for the purchase of goods, (a piano in this case,) one in writing, and the other by parol, we hold that the writing is the highest evidence of the contract; that the vendor has the right to elect either proposition, and the purchaser is bound by it.    The pleadings in this case show, that the plaintiff relies upon the written contract, and that is the highest and best evidence of the terms of the purchase.    The defendant might prove, as he attempted to do here, that the plaintiff accepted the parol proposition, and whether he did or not ought to be, as it was by Judge WARREN, left to the jury.    In the absence of such proof, the two propositions being in evidence, the Court did right in ruling that the written testimony controlled the rights and obligations of the parties.

[2.] The written proposition by defendant to plaintiff, in this case, was in the alternative.    As we understand it, the defendant says to the plaintiff, I will buy your piano and pay for it in Tyson's note, for three hundred dollars, or if this does not suit you, I will myself, pay you three hundred dollars for it so soon as I can make it out of Tyson by law.    The plaintiff, by the pleadings, elected, as he had a right to do from the beginning, to accept the latter proposition, and if he did so elect, the defendant is bound by that latter proposition.    He was entitled to show, and in this case attempted to show, that the plaintiff accepted the former proposition, and whether he did or not Judge WARREN distinctly referred to the jury, to find.    The jury found that the plaintiff accepted the latter proposition of the defendant.

Assuming then, that this latter proposition was the contract between the parties, it remains to enquire, whether Judge WARREN put upon it the true construction.    He charged the jury, that the plaintiff had a right of action upon it, after the lapse of a reasonable time to be allowed to the defendant to collect the Tyson note by law, and all that the plaintiff was bound to show, was the expiration of a reasonable time after the date of the contract. To the contrary of this, the defendant contends, that the plaintiff

had no right of recovery, unless the defendant had in fact collected the note, or might have collected it, and of consequence he must prove one of these facts, before he is entitled to recover.

[3.] We think the undertaking of the defendant was to pay, whether he ever did or not, or could or could not, recover the Tyson note, and that the qualification expressed in the words, " so soon as I can make it out of him by law," has regard to time, and not to the solvency of Tyson. He meant to say, that I will pay you myself for the piano, if you will give me such time, as the law allows for collecting the money out of Tyson. The construction claimed by the defendant's counsel, compels the plaintiff to accept the Tyson note, in full payment, at his own risk, making the defendant only his agent to collect. This cannot be the true construction, because the first proposition made in the letter, is, that the plaintiff take the Tyson note in full payment, and of course, at his own risk. The second proposition certainly could not have been intended to be nothing more than a deceptious repetition of the first. There being no precise time expressed for collecting the money on this note by law, the rule is, that the time understood by the parties, is reasonable time. That is, reasonable time for that purpose.

[4.] If we are right in the position, that the plaintiff's cause of action did not arise, until after the expiration of a reasonable time, then the Statute did not commence to run against him until after or at the expiration of that time ; for it is well settled, that the Statute does not commence to run until the right of action accrues. 1 *W. Black.* 353. 2 *Gale & Dav.* 166. 2 *B & Allet*, 431. 4 *Ma. & W. R.* 42. 1 *Mary and Craig Ch. R.* 499. 9 *Cranch*, 104. 7 *Pick.* 133. *Ang. on Lim.* 41. *Also*, 1 *Kelly*, 379, 536.

Let the judgment be affirmed.