ALEXANDER VAUGHAN, administrator, plaintiff in error, *vs.* LEMUEL DEAN, defendant in error.

1. In a suit against a conditional acceptor of an order for the payment of money, any testimony showing that the drawer had assets in the hands of such acceptor or a right to make the order, is admissible on the trial as evidence against such acceptor.
2. M., as one of the heirs-at-law of A., deceased, drew an order in favor of D. on V., the administrator of A., for $80 00, dated 10th May, 1852. V. accepted the order, and promised to pay the money when it was collected. Suit was brought against V., on this acceptance, in 1858: *Held,* That ample time had been allowed for the collection, and that the plaintiff was entitled to recover.
3. A decree in favor of one or more distributees against the administrator is not evidence against the right of another distributee to a recovery, who is no party to that proceeding.

Debt, in DeKalb Superior Court.    Tried before Judge BULL, at the October Term, 1860.

This was an action brought by Lemuel Dean against Alexander Vaughan, to recover the amount due upon an order and an acceptance of the same, of which the following is a copy :

" GEORGIA—DeKALB COUNTY.

"Mr. Alexander Vaughn, one of the administrators of William B. Anderson, deceased:   You will please to assume the payment of $80 00 to Lemuel Dean, the amount to make

me equal in the division of the negro property, and this, my order, shall be good against me for that amount and interest. This 10th May, 1852.

her.

SARAH ⋈ MAGUIRE."

mark.

" Test T. M. Dean.

"I hereby assume the payment of the within order. When the money is collected, I promise to settle this order. This 15th May, 1852.

his

ALEXANDER ⋈ VAUGHAN."

mark.

" Test H. H. Dean.

The declaration alleged the indebtedness of defendant on said acceptance, and that the money had been collected by him, and that he neglected and refused to pay it.

On the trial, the plaintiff proved by one James Hambrick that as one of the distributees of the estate of William B. Anderson, deceased, he received from his attorney the amount due him from said estate, which was $190 00, his share being one-eighth. Sarah Maguire was one of the distributees of said estate, but was dead at the time the decree was rendered in a case in equity brought by Samuel J. Anderson, James Hambrick and his wife, Henrietta Hambrick, Michael Dickerson and his wife, Mary Dickerson, Sarah Maguire, and Isaac Woodruff and his wife, Mariah Woodruff, against David D. Anderson, Robert C. Anderson, and Alexander Vaughan, as the administrators of William B. Anderson, deceased, and Edwin G. Collier, sheriff, and Elijah Steward, justice of the peace, to recover the distributive share of complainants in the estate of deceased, and to enjoin the collection of a fi. fa., and an account; that there was no administration of the estate of Sarah Maguire.

Plaintiff also offered in evidence the bill and answer and decree in the case before specified, in which there was a decree for Hambrick for $190 81, for Dickerson for $273 68, and for Woodruff for $203 21, and in favor of the administrators against Samuel J. Anderson for $29 46.

The answer of the administrators to the bill admits that Sarah Maguire was one of the distributees of William B. Anderson; that her share was $1,052 60, of which $837 00 had been paid.

The bill and answer were objected to by the defendant's counsel, but the Court overruled the objection and admitted the evidence, for the purpose of showing the admissions of the defendant in his answer of the amount in his hands belonging to the drawer of the order sued on.

The plaintiff then introduced the order and acceptance sued on, and closed.

Counsel for the defendant then moved for a judgment of non-suit against the plaintiff, on the ground that there was no allegation or proof of a demand made for the money sued for, before the suit was brought; and that the evidence was not sufficient to sustain the case of the plaintiff; and that the allegations of the plaintiff's writ were not sufficient.

The Court overruled the motion.

The testimony being closed, the Court charged the jury: " that the fact that in the case in equity introduced in evidence, there was no decree in favor of Sarah Maguire, was no evidence that there was nothing in the hands of the defendant belonging to her, if she was dead when the decree was rendered, and her estate was unrepresented, and if the jury believed that the defendant had in his hands, as administrator, when the order was given, an amount belonging to Sarah Maguire sufficient to cover the order, he was liable."

The jury found for the plaintiff.

Counsel for defendant then moved for a new trial on the grounds:

1. Because the testimony of Hambrick was illegal and irrelavent.

2. Because the Court erred in admitting in evidence the bill in equity and answer thereto, before described.

3. Because the Court erred in refusing the non-suit moved for.

4. Because the charge of the Court hereinbefore set forth was erroneous.

5. Because the verdict was against law, evidence, and the weight of evidence.

The Court refused the new trial, and his decision is alleged to be erroneous.

GARTRELL & HILL, for plaintiff in error.

MURPHY & CANDLER, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

1. The first point made in the record is, that the Court erred in admitting the testimony of the witness, James Hambrick, and the exemplification of the bill, answer and decree rendered thereon in the equity cause of a portion of the heirs-at-law of William B. Anderson, deceased, against the defendant and two others, as the administrators of that estate, which was filed for distribution and account.

We do not see that this testimony was absolutely necessary to a recovery by the plaintiff, as the right to recover was established by other and better proof, as we shall hereafter show, but the testimony so offered was not objectionable on the score of relevancy or otherwise that we can see. It was pertinent and relevant. It established that the drawer of the order sued upon, Sarah McGuire, was a distributee of that estate, and that upon the defendants own admission the amount due to her as distributee, and in the hands of the defendant, was fully as much as the amount of the order sued upon.

2. The next question made was the refusal of the Court to award a non-suit on the motion of plaintiff in error. We think the motion was properly refused, for upon the evidence the plaintiff was clearly entitled to a recovery.

The paper sued upon was in the following words:

" GEORGIA—DeKalb County.

Mr. Alexander Vaughan, one of the administrators of William B. Anderson, deceased : You will please assume the payment of $80 00 to Lemuel Dean, the amount to

make me equal in the division of the negro property, and this, my order, shall be good against me for that amount and interest. This 10th May, 1852.

[Signed]    "SARAH ⋈ McGUIRE.
her
mark.

" Test. T. M. DEAN.

"I hereby assume the payment of the within order. When the money is collected, I promise to settle this order. This 15th May, 1852.

[Signed]    "ALEXANDER ⋈ VAUGHAN."
his
mark.

" Test. H. H. DEAN.

This acceptance of the order and promise to settle it when he collected the money, was an admission that Sarah McGuire was a distributee of the estate; that he had this amount due to her in his hands and, that he would pay it to Lemuel Dean when he collected the money. The acceptance and promise was made on the 15th May, 1852, and this suit was not brought until the April Term, 1858, of DeKalb Superior Court, nearly six years after the promise was made. This was ample time for the collection of the money. See Sneed vs. Woolbright, 5 Ga. R., 167. Add to this the fact, as appears by the exemplification of the record in evidence, that the debts out of which this money was to be collected were created by the sale of the intestate's property by the defendant and his co-administrator, which they were bound to collect or account for, and the right of the plaintiff to recover was complete. There was no promise to pay on demand—hence then no necessity for a demand to have been averred or proven.

3. There was no error in the charge of the Court, that the fact of there being no verdict or decree in favor of Sarah McGuire, was no evidence of there being nothing in the hands of defendant belonging to her, provided she was dead at the time and her estate not represented. Of course, if she was not a party to that decree, and she could not be—

being dead and her estate unrepresented—neither she, nor one claiming under her, could be effected by the decree. There was another reason why the decree did not, nor could not affect this plaintiff's right to a recovery in this course of action, and that is, his assumption to pay this amount to Lemuel Dean before that decree operated as a payment of that amount to Sarah McGuire, and as a credit to him as against her on that account, and she could not have had a decree for this amount against the administrator, for she had transferred it to Dean, and the defendant had recognized the sufficiency of such transfer by his written promise to pay it.

For the reasons already given, the verdict was not against law or evidence, or the weight thereof, and the Court below did not err in refusing the motion for a new trial.

Let the judgment be affirmed.