| 55 | 475 |
| d111 | 339 |
| 55 | 475 |
| 112 | 553 |

AMELIA B. LESTER, plaintiff in error, *vs.* THE PIEDMONT AND ARLINGTON LIFE INSURANCE COMPANY, defendant in error.

THE PIEDMONT AND ARLINGTON LIFE INSURANCE COMPANY, plaintiff in error, *vs.* AMELIA B. LESTER, defendant in error.

(JACKSON, Judge, having been of counsel, did not preside.)

1. A verdict, in a civil case, founded on contract, where no issuable defense is filed on oath, is illegal. The court must take the responsibility of rendering judgment without a jury. Under the constitution, an issuable defense, on oath, is required to put the case before the jury, or to give them any power whatever, to deal with it.

2. A letter introduced as evidence need not all be read by the party who introduces it. It is all in evidence, and either party may read from it such parts as serve his purpose.

3. If, construing the declaration altogether, including a copy of the written contract declared upon, whether such contract be embodied in the declaration or annexed to it, the amount claimed by the plaintiff, and the time when it was payable, can be arrived at with reasonable certainty, the want of direct averments on these points will not be cause for arresting the judgment.

4. To subject an insurance company, under the statute, to damages and attorney's fees, a demand for the amount due on the policy, and a refusal to pay, sixty days before suit is brought, must be plainly averred. In the absence of a distinct averment to that effect, the judgment, as to these items, will be arrested.

Practice in the Superior Court. Pleadings. Judgments. Verdicts. Evidence. Insurance. Damages. Demand. Before Judge CLARK. Sumter Superior Court. April Term, 1875.

Reported in the opinion.

N. A. SMITH, for plaintiff in error in first case and for defendant in second.

R. F. LYON, *contra.*

BLECKLEY, Judge.

These two bills of exception, one by either party, are in the same case. The action below was by Mrs. Lester against the insurance company, and was founded on a policy of insurance upon the life of her husband. The policy was set out at full length in the body of the declaration. The action sounded in complaint, but there was no direct, positive statement of the amount due on the policy, or when it became due. All the terms and conditions of the policy were set out, and compliance therewith on the part of the insured was averred; and the time of Mr. Lester's death was alleged, and also that proofs of death had been submitted to, and received by, the company more than ninety days before suit was brought. The declaration claimed, in general terms, the amount due on the policy, with interest; and, also, twenty-five per cent. damages for refusal to pay, besides reasonable

attorneys' fees for prosecuting the suit. It was averred in the declaration, that at the time of submitting proofs of death the plaintiff duly applied to the company for the amount due her on the policy; but there was no averment of any application afterwards, or that she ever *demanded* payment; and the only averment of refusal was that the company "have hitherto refused and still do refuse to pay her the amount due on said policy, or any part thereof, which refusal is in bad faith, on the part of said company." On the face of the policy, the company had ninety days within which to make payment, after due notice and proof of death. The amount covered was $5,000 00, subject to certain specified deductions.

The company filed no plea and made no answer to the suit whatever. At the trial term the jury rendered a verdict for the plaintiff, including therein twenty-five per cent damages and $500 00 for attorney's fees; and judgment was entered up on the verdict, signed by counsel in the usual form of judgments upon verdicts. During the same term the defendant moved for a new trial, and in arrest of judgment.

The first ground of the motion for a new trial was, that negotiations were pending for a reference of the claim to arbitration, and that the company in not making defense had acted on the information and belief that the suit had been withdrawn; that under these circumstances, the verdict operated as a surprise, there being a good defense to the merits, which would otherwise have been presented. This defense was set out, which consisted in alleged violations of the terms of the policy, on the part of the assured, by delay to make certain payments, etc. Affidavits touching the various facts involved in this ground are contained in the record. Other grounds of the motion were, that the verdict is contrary to evidence; that it is contrary to law; that the evidence showed no bad faith; that the evidence did not entitle the plaintiff to damages or to attorney's fees; and that the damages are excessive. The last ground was a complaint that a certain letter, written by the president of the company, and intro-

duced by the plaintiff in evidence, was read to the jury in part only, a part favorable to the defendant being omitted.

The grounds of the motion in arrest of judgment were, that there is no sufficient cause of action set forth in the declaration, and several others; one involving the nature of the suit; others, the want of certainty, particularly as to the amount of the indebtedness.

The presiding judge refused to arrest the judgment, but granted a new trial. The latter judgment comes here at the instance of the plaintiff, and the former at the instance of the defendant.

We do not find it necessary, in affirming the grant of a new trial, to pass definitely on the first ground of the motion, which was the one most amply discussed and most strongly contested in the argument made before this court. The same question of surprise cannot again arise in the case, and will probably never arise, under like circumstances, in any other case. It is proper for us to observe, however, that we deem the showing made by the company as rather weak, on the subject of diligence. The information which misled came, not from the plaintiff or any authorized agent of hers, but from and through the company's agents. It will not do to hold that a corporation can be excused by propositions proceeding from strangers to the suit, or by erroneous information derived from its own agents, where the opposite party has contributed nothing to the error. We are quite sure that we should not, ourselves, have granted a new trial upon this ground; but so much are we disposed to defer to the judgment of the circuit bench where a new trial has been granted, we should feel great reluctance to interfere in the present case, even if this ground stood alone. But so far from standing alone, it is supported by another ground free from all manner of doubt.

1. The verdict, as one ground of the motion for new trial, is alleged to be illegal; and it is most manifestly illegal. The jury had no power to render it. According to the constitution, (Code, section 5091,) the court is required to render

Lester *vs.* The Piedmont and Arlington Life Insurance Company.

judgment without the verdict of a jury in all civil cases founded on contract, where an issuable defense is not filed on oath. This was a civil case founded on contract, and there was no defense whatever filed to it. The court was the sole organ of trial, and should have taken the responsibility of ascertaining the amount recoverable, and judgment should have been rendered, substantially, in the form prescribed by the rule of court. For the jury to have access to such a case, there must be an issuable defense on oath. Without that condition is fulfilled, the jury have nothing whatever to do with a civil case founded on contract. Here a jury trial took place, which was wholly unauthorized by law; in fact, it was directly contrary to the constitution. For this reason, the verdict cannot stand. The case has not yet been tried by that tribunal which the constitution appoints to try it. It is no answer to this position to say that the Code, section 2850, in providing for subjecting insurance companies to damages and attorney's fees, directs, in substance, that the bad faith of the refusal to pay shall be judged of by the jury. In this case, as we shall presently see, the elements of damages and attorney's fees were not in the pleadings, but even if they had been, the case itself would not have been any the less a civil case founded on contract; and if it be the purpose of this statute to refer it to a jury, in the absence of an issuable plea supported by oath, the purpose must fail. It may be that damages and attorney's fees cannot be assessed at all, unless the jury pass upon the good or bad faith of the company's refusal, but that consequence, if it be true, (which there is no occasion now to decide,) cannot operate to change the constitutional organ of trial.

2. There was no error in reading only a part of the letter. The whole letter was in evidence, and either party had a right to read from it, more or less of its contents, so far as relevant. 18 *Georgia Reports,* 318.

3. The motion in arrest of judgment was properly overruled as to the cause of action on the policy, treated simply as a debt, and without reference to the damages and attor-

ney's fees claimed for refusal to pay. The declaration is loose and inartificial, but it sets forth the policy in full, with all its terms and conditions, and from the whole, taken together, amount claimed, the time of payment, etc., can be arrived at with reasonable certainty.

4. But as to the damages and attorney's fees, the judgment ought to have been arrested. These sums appeared on the face of the verdict separately, and the judgment was consequently not an entirety, in such a sense as to render it indivisible, and therefore bad in toto because bad in part. The plaintiff did not allege demand and refusal with sufficient certainty and distinctness to subject the company to such a forfeiture for non-payment. The Code, section 2850, makes the forfeiture depend on refusal for sixty days after *demand.* The demand ought, therefore, to be averred as taking place at a time when the plaintiff had a right to exact present payment, and the declaration should show that refusal, in bad faith, was made and persisted in for sixty days. There is no *demand,* in direct terms, averred in this declaration; and the only application for payment alleged is that which took place at the time of submitting proof of death, etc., and that was before the plaintiff had a right to make absolute demand for payment; for the company, according to the terms of the policy, could defer payment for ninety days, or perhaps for eighty-nine days, after receiving the stipulated proofs. Demand being indispensable to the cause of action, so far as the damages and attorney's fees are concerned, and no demand whatever, as we hold, being alleged, there is no cause of action set forth in the declaration, in respect to damages and attorney's fees. As to these matters, the case is not one alleging the cause of action defectively, but of not alleging it at all.

In holding that, on the motion made, the judgment should have been arrested only to the extent of the damages and attorney's fees, we are not to be understood as ruling that the whole of the judgment might not have been arrested, if the motion had embraced the ground that, according to the record, there was no valid trial of the case. For myself, I will say,

that if that ground had been presented I should have sustained it. It is, however, enough that we have ruled it good cause for new trial.

Judgment on the plaintiff's bill of exceptions affirmed.

Judgment on the defendant's bill of exceptions reversed in so far as damages and attorney's fees are concerned.