## TIPPIN *vs.* WHITEHEAD.

Under the constitution of 1868, where suit was brought on a contract, and without the filing of any defense, a verdict was taken and judgment entered thereon by counsel, it was void.    Judgment by default should have been entered by the court.

Judgment.    Verdict.    Practice in the Superior Court. Constitutional law.    Before Judge McCUTCHEN.  · Bartow Superior Court.    July Term, 1880.

Reported in the decision.

G. S. TUMLIN, for plaintiff in error.

TRIPPE & NEAL, for defendant.

SPEER, Justice.

This is a claim case arising from the levy of a *fi. fa.* in favor of plaintiff in error *vs.* Elliott's executors, which was levied on a lot of land, number 250, in the sixteenth

district, third section of originally Cherokee now Bartow
county, levied on as the property of John C. Elliott, de-
ceased, to which property defendant in error interposed
his claim. Under the evidence and charge of the court,
the jury found the property not subject. During the
term counsel for plaintiff in error moved the court to set
aside the verdict and for a new trial, on the ground, first,
that the court erred in charging the jury upon the trial
of said case in substance and effect as follows: " In the
present state of the record as shown in evidence in the
opinion of the court, the plaintiff's judgment is void, and
the jury should find the property not subject." Second,
that said verdict was against the weight of the evidence.

The motion for new trial was overruled, whereupon
plaintiff excepted.

In looking into the record in this case, it appears that
the suit upon which plaintiff's *fi. fa.* and judgment were
founded, was instituted to September term, 1867, of Bar-
tow superior court, that at that term the cause was marked
in default on the docket, and no counsel's name was en-
tered for the defense; that at the September term, 1868,
a verdict was taken in said case, founded on a civil con-
tract in which no defense was filed, and that a judgment
was entered on said verdict signed by the attorney for
plaintiff in said suit.

The constitution of 1868, section 5091 of the Code,
provides, "The court shall render judgment without the
verdict of a jury in all civil cases founded on contract
where an issuable defense is not filed on oath."

In this case—a civil case founded on a contract in which
no issuable defense was filed under oath—a verdict was
taken from a jury, and under the former rulings of this
court we see no error in the charge of the court upon
these facts as shown by the record that the judgment
rendered on said verdict was void. We find therefore no
error in the judgment overruling said motion for a new
trial.

Let the judgment of the court below be affirmed.