MOSELY *v.* WALKER.

1. Where the same written contract contains two promises on the part of the makers, one to pay the promisee or bearer a sum of money at a fixed time, the other, in case of failure punctually to pay the same at maturity, to recognize themselves as tenants of the promisee, they constituting him their landlord to collect out of them 2,000 lbs. of lint-cotton for rent, the former is an unconditional, the latter a conditional promise. In a suit upon the former alone, no issuable defence on oath or affirmation being filed, a judgment rendered by the court without the verdict of a jury is legal and valid.

2. That the contract also embraces a mortgage upon certain land to secure the payment of the money, is no obstacle to a suit upon it as a promissory note, the mortgage element of the instrument not being involved in the action.

January 17, 1890.

Judgments. Contracts. Practice. Mortgages. Landlord and tenant. Election. Before Judge BOYNTON. Henry superior court. April term, 1889.

Walker filed his petition, in the ordinary short form, against W. T. Mosely and N. H. Mosely, alleging that they were indebted to him stated amounts of principal and interest on a promissory note, a copy of which was annexed, which they refused to pay. The note sued on was signed by both the defendants, dated February 8, 1878, and by it defendants agreed, they or either of them, to pay Chas. Walker or bearer by November 1, 1878, $600 for value received. It contained a waiver of exemption or homestead as to parts of certain described land, etc. "which we have this day mortgaged to Chas. Walker for the payment of the above sum, and we hereby, to secure the payment, give to him a mortgage lien upon said land. If not punctually paid at maturity, to draw interest at the rate of 12 per cent. per annum until paid. If not punctually paid at maturity, we agree to be recognized as the tenants of said Chas. Walker, and we hereby constitute him our land-

lord to collect out of us the amount of 2,000 pounds of good lint-cotton for rent." The defendants were served; and on October 24, 1885, there being no issuable defence filed on oath, judgment was rendered by the court in favor of the plaintiff against the defendants for principal, interest and costs. At the April term, 1888, N. H. Mosely moved to set aside the judgment on the following among other grounds.

(1) It is apparent from the record that the contract sued on is a conditional contract in writing, in that it contains a waiver of exemption or homestead on the land mentioned, which waiver is limited to certain named lots of land, and to only parts of those lots, and evidence and a finding thereon as to what parts of each lot, was necessary before any sensible or legal judgment could be rendered. The verdict of a jury was required by law to say, upon proof, how much and what parts of each lot were covered by this restricted, conditional and vague waiver.

(2) By the express terms of the contract, if the debt fell due and was not paid punctually at maturity, new conditions became a part of it; defendants became the tenants of Chas. Walker, and he became their landlord to collect 2,000 pounds of good lint-cotton for rent. Proof should have been submitted and the verdict of a jury found as to whether the terms of this contract had been complied with or not, as nothing appeared upon the face of the pleadings to show whether they had been complied with or not. The judgment rendered does not follow the pleadings, and is therefore void.

(3) It appears from the face of the pleadings that, by the terms of the contract sued on, defendants became the tenants of Walker on and after November 1, 1878, and that they constituted him their landlord to collect of them 2,000 pounds of lint-cotton for rent. There is no allegation in the pleadings or record that Chas.

Walker did not assume the position of landlord, nor that defendents did not recoguize themselves as his tenants, as in the contract provided; nor is there any allegation therein that Walker did not, as landlord, collect said 2,000 pounds of good lint-cotton. Such pleadings were necessary, and if there had been such, then a verdict would have been necessary.

(4) The contract sued on is a mortgage upon land, and the proceedings had thereon are null and void; if the plaintiff had any right to proceed against the defendants in said suit, it was by foreclosure of the contract as a mortgage, as is apparent from the pleadings.

(5) The court had no power to render the judgment without a verdict of a jury first had, which fully appears by reference to the pleadings; the suit being upon a conditional contract in writing.

The motion was overruled, and movant excepted.

W. J. Albert and G. W. Bryan, for plaintiff in error.
E. J. Reagan, contra.

Bleckley, Chief Justice.

1. The absolute promise to pay $600 on the first of November, 1878, was not qualified in any way by the subsequent provisions of the instrument. The conditional undertaking to render 2,000 pounds of cotton as rent, was no defeasance upon the antecedent undertaking to pay money, but was a stipulation to do more than pay the money—that is, to pay rent in addition to the agreed rate of interest, which was twelve per cent., or if not in addition, in lieu of the interest. At any ordinary price for cotton, 2,000 pounds of that article would be worth much less than the principal of the debt. No reasonable construction of the contract as a whole would justify us in supposing that the cotton was to be a substitute either for the principal or the interest, unless the payee or the bearer of the instrument should elect to so

treat it. And bringing suit on the absolute promise was an election to the contrary of substitution. There was no condition in the writing which rendered the duty to pay contingent, or which could reduce the sum to be paid below that expressed. A conditional incident of failing to pay an absolute debt will not render the debt itself conditional. *Craig* v. *Herring*, 80 *Ga.* 709.

2. The mortgage upon land, though in the same instrument, was not reached or attempted to be reached by the action on the instrument as a promissory note. No foreclosure of the mortgage resulted from a mere judgment for the debt, but the existence of the mortgage did not vitiate that judgment or in any way affect it.                      *Judgment affirmed.*