### KOCH *et al.* v. BROCKHAN.

1. Even if a prayer for the establishment and enforcement of a specific lien upon land described in a deed given to secure the payment of an unconditional promissory note did not take an action thereon out of the rule that in suits on unconditional written contracts judgments are to be rendered by the judge without a jury, a judgment upon such a note, though based upon a verdict, was not for this reason void when the judgment was signed by the judge, who thus adopted as his own judicial act the substance of the jury's finding.

2. When one who was a guardian signed a promissory note both individu-
ally and as guardian of another, and, to secure the payment of the same,
in like manner executed a deed to realty owned in common by the two,
such deed passed to the creditor at least the guardian's individual un-
divided interest in the land ; and where in such a case the creditor, after
obtaining on the note a general judgment embracing a special lien on the
land, conveyed it to the grantee individually and as guardian, the ward
at the time being dead and the guardian his sole heir at law, it became
lawful for the creditor to levy upon and sell the land in its entirety as
the individual property of the surviving guardian. The creditor's deed
of reconveyance for the purpose of making such a sale revested in the
guardian the latter's original undivided interest, and under the law of in-
heritance the remaining interest was vested in the guardian individually.
Under these circumstances the fact that the deed was made as indicated
did not so cloud the title as to make it unlawful for the sheriff to seize
and sell as the property of the guardian the entire fee in the land.

3. Where, on the hearing of an equitable petition to enjoin such a sale, there
was evidence to warrant the judge in finding that the defendant in execu-
tion actually had in hand, belonging to the ward's estate, more than suffi-
cient money to pay all lawful claims against the same, and had filed an
application for a discharge, alleging therein that the ward's estate had
been fully administered, it was proper to hold that the sale should not be
enjoined on the theory that the guardian, as the legal representative of
the ward's estate, was first entitled to administer his original undivided
interest in the land, and accordingly to an exemption of twelve months
from legal interference with such estate.

4. The trial judge ruled correctly on all the questions involved in this case
except the one first above dealt with, and erred in granting the injunc-
tion on the ground that the plaintiff's judgment was void.

Argued June 19, — Decided July 12, 1900.

Injunction.    Before Judge Lumpkin.    Fulton county.
April 24, 1900.

*Kontz & Austin,* for plaintiffs in error.
*John L. Hopkins & Sons,* contra.

LEWIS, J.    Annie D. Brockhan filed her equitable petition
in Fulton superior court, against Fred and William Koch.
She alleged, in substance, as follows: Petitioner is the sister of
Willie Brockhan, who died in June, 1899, insane, intestate, and
leaving petitioner as his sole heir at law.    In November, 1890,
petitioner was duly appointed Willie's guardian, who was there-
after formally and duly adjudged to be insane.    In 1896 pe-
titioner made and executed to Fred and William Koch a note,
both as an individual and as guardian of Willie Brockhan, for
the sum of $2,956.56, and at the request of defendants executed

and delivered a deed to secure the same to certain tracts of land, which land, at the time of the execution and delivery of the deed, was jointly owned by petitioner and Willie, the interest of each being one half respectively.   By executing the deed petitioner attempted to create a lien upon Willie's one-half interest to secure one half of the amount of the note.   She averred that the attempt to create such a lien was illegal, and the deed was null and void.   In February, 1898, suit was instituted by Fred and William Koch upon the note, and on March 8 a judgment was rendered against her individually and as guardian of Willie Brockhan.   Under that judgment it was sought to assert a special lien, by virtue of the deed mentioned above, upon the interest of Willie Brockhan.   A fi. fa. was issued in conformity with the judgment, and a deed filed by Fred and William Koch, purporting to reconvey the land to petitioner, and to her as guardian of Willie Brockhan.   A levy was made in pursuance of the judgment and fi. fa. asserting a special lien against the interest of said Willie Brockhan, and the interest of both petitioner and Willie was advertised for sale by the sheriff on the first Tuesday in December, 1899.   It was further alleged that the sale was proceeding illegally, because of Willie's death, and because no administration has been had upon his estate; that the deed is invalid, because there was no legal right or power in petitioner as such guardian to create such lien; that there were debts entitled to priority over the debt of Fred and William Koch, due by the estate of Willie Brockhan; that these debts were for funeral expenses of Willie to the amount of $143.14, and some taxes. Petitioner has applied for letters of administration upon the estate of Willie Brockhan.   She prays that the sheriff be made a party to the petition, and be enjoined from proceeding with a levy and sale of the property under the fi. fa. until Willie's estate can be properly administered by the ordinary's court. An amendment was filed to the petition, attaching a copy of the note sued upon, a copy of the verdict found by the jury and the judgment of the court, and alleging that Willie Brockhan died leaving no child or children, father, mother, brother, or sister save only plaintiff, and that she was his sole heir at law.   It further alleged that she was proceeding to administer

the estate of Willie Brockhan, and that an inventory and appraisement thereof had been duly filed with the ordinary. She charges that the estate is amply solvent, and that the property upon which the fi. fa. was levied is easily worth $25,000, and that Willie's interest therein is worth $9,000.

In answer the defendants denied the material allegations of the petition by paragraphs. They admitted that Annie D. Brockhan was the guardian of Willie Brockhan; that he was insane, and had died in the asylum; and that plaintiff was his sole heir. They further set up in their answer that they are not seeking to subject any part of his estate under their fi. fa., but simply had the same levied upon the entire land as the property of the plaintiff, Annie D. Brockhan. They further say that whether or not the lien created by Annie D. Brockhan individually and as guardian is in strict law a lien on the ward's estate is a matter they are not called on to admit or deny, but they assert that in equity they would have a right to establish their lien, inasmuch as the money advanced by them, which the deed purported to secure, was used to pay off and discharge legal and valid encumbrances and liens against the identical property described in the deed and which existed against the same before and at the time it descended by inheritance to Willie Brockhan. Defendants, however, have levied the fi. fa. only against Annie D. Brockhan, and claim that she is now the sole heir, as shown by her returns as guardian of her deceased ward; that she has ample money in her hands to pay off the debts of that estate; that by virtue of their general judgment they have a lien upon the entire property, and that they have seized and levied on it as her property alone. They allege that the guardian, by operation of law, became the administratrix of his estate, and that it appears from her final returns, made September 8, 1899, that the guardian has on hand $2,830.19 with which to pay the indebtedness of the estate of her ward, which indebtedness amounts to a much less sum, according to her allegations. Defendants deny that the sale of the property under their fi. fa. would defeat the proper administration of the estate of Willie Brockhan, or cause loss to creditors; and they further aver that the property is not of such value as alleged by plaintiff, that the houses thereon are in bad condition and repair,

that taxes thereon have not been paid for years, that Annie D. Brockhan has mortgaged the same to M. &. J. Hirsch for $6,626.95, besides interest, and that consequently the levying of their fi. fa. on the property is not excessive.

On the trial the plaintiff introduced the record of the suit in the city court of Atlanta, the same being an action instituted by Fred and William Koch against Annie D. Brockhan, and Annie D. Brockhan as guardian of Willie Brockhan, filed February 15, 1898. In this petition plaintiffs allege that Annie D. Brockhan, individually and as guardian of Willie, was indebted to them upon a certain promissory note and coupons attached thereto, in the sum of $3,193.08, besides interest. The petition further alleged that there was a warranty deed given under the provisions of the code by Annie D. Brockhan, and Annie D. as guardian of Willie, to secure the payment of the debt, to certain property in the city of Atlanta, and certain other land located in Fulton county, both of which tracts were fully described, and that they had received a bond to reconvey on payment of the debt. The petition prayed for a general judgment for the debt, and also that a special lien be set up on said tracts of land to be enforced by levy and sale after filing quitclaim deed. To that petition there appears to have been no answer, and the jury rendered a verdict for the amount sued for, and further found that plaintiff's special lien be set up as prayed upon the realty described in the petition. On this verdict a judgment signed by the judge was entered accordingly. It appears that an execution following this judgment was issued thereon, and levied upon the property therein described, as the property of Annie D. Brockhan. A quitclaim deed from Fred and William Koch to Annie D. Brockhan individually and to her as guardian of Willie Brockhan was executed on October 31, 1899, and recited that the lands described were deeded by defendants to secure the payment of the debt sued on, and was made for the purpose of levy and sale under the provisions of the code. This deed was recorded in the clerk's office on November 9, 1899. The levy bore date the same day. Plaintiff also introduced various deeds showing title to the country property in question to be in Annie D. Brockhan, and title to the the city property to be one half in her, and the other half in

Willie Brockhan. She further introduced proof showing the amount of funeral expenses and taxes due by the estate of Willie Brockhan, and offered evidence by her affidavit to the effect that her returns to the ordinary as guardian of Willie Brockhan did not, in point of fact, correctly state the cash she had on hand. On the other hand, evidence was introduced in behalf of defendants, showing the annual returns of Annie D. Brockhan as guardian of Willie Brockhan to the court of ordinary of Fulton county for the years, 1891, 1892, 1893, 1894, and 1895, allowed, approved, and recorded, and her final returns on September 8, 1899, from which it appeared that there was in the hands of the guardian cash to the amount of $2,830.19. Defendants also introduced application for letters of dismissal, filed by Annie D. Brockhan as guardian of Willie Brockhan dated September 8, 1899. In the petition for dismissal, which was duly signed by the guardian, she recites that she has fully discharged the duties of her trust, and is legally entitled to a discharge therefrom.

The above are, in substance, all the material facts in the record necessary to a thorough understanding of the issues involved in the present case. After hearing the evidence and argument of counsel, the judge granted an order enjoining the defendants from selling or proceeding to sell the property under the execution sought to be enjoined by the plaintiff in her petition; upon which judgment the defendants below assign error in their bill of exceptions. In the opinion of the judge, giving reasons for his judgment, it appears that he based the same solely upon the ground that the judgment upon which the fi. fa. issued was void, because that was a suit upon an unconditional contract in writing, in which the constitution requires a judgment to be rendered without the intervention of a jury.

1. We think the judge was wrong in his conclusion, and that the authorities which he cites to sustain his position have no application to this case. For instance, in *Lester* v. *Piedmont Ins. Co.*, 55 *Ga.* 475, it is announced in the headnote: "A verdict, in a civil case, founded on contract, where no issuable defense is filed on oath, is illegal." It will be seen from the opinion of Judge Bleckley in that case that the judgment entered upon the verdict found by the jury was signed, not by the judge,

but by counsel in the usual form of judgments upon verdicts. The case of *Tippin* v. *Whitehead*, 66 *Ga.* 688, was a suit under the constitution of 1868, which was brought on a contract. No defense was filed. It was simply held that where a verdict was taken and judgment entered thereon by counsel, it was void, and that a judgment by default should have been entered by the court. The case of *Mosely* v. *Walker*, 84 *Ga.* 274, cited by counsel for defendant in error, is not at all in point. It was simply decided there that the suit was on an unconditional contract in writing, and, no issuable defense being filed under oath, a judgment rendered by the court without the intervention of a jury was legal and valid. The same is true of *Stansell* v. *Corley*, 81 *Ga.* 453–4. In fact our attention has been called to no case in this court where it was ever decided that in a suit upon an unconditional contract in writing the fact that a verdict was found would render a judgment therein signed by the judge himself a nullity. The court has simply ruled that a judgment entered by counsel on a verdict in such a case is void. This principle is decided in *Lockett* v. *Usry*, 28 *Ga.* 345. It was there ruled that a verdict rendered in a case where there is no issue is a nullity, and may be treated as such. It was further held: "Although the judgment of the court purports to be founded upon a verdict, and the verdict is void, still the judgment can be executed, provided it be good without the verdict." In *Coleman* v. *Slade*, 75 *Ga.* 63, it was held: "The notes involved in this case were unconditional contracts in writing, and, no issuable plea having been filed, the verdict of a jury would have been a mere formality, and a judgment by the court was not invalid."

But we do not think it follows that the verdict in this case was necessarily a nullity. It is true the note declared upon was an unconditional contract in writing, but the petition goes further and seeks other relief besides a general judgment upon the note, alleges that a deed was given to secure the same, and asks for a judgment creating a special lien upon the property described in that deed. That deed was not attached to the petition, nor was this particular relief sought founded upon any unconditional contract in writing. The case of *Palmer* v. *Simpson*, 69 *Ga.* 792, was one where a specific lien on certain prop-

erty was claimed, and a judgment was sought to be so molded. as to condemn such property. It was held, in that kind of a case, the mode of procedure was as in equity, so far as verdicts and decrees were concerned, and such case did not fall within the constitutional provision requiring the judge to render judgment by default without a jury on an unconditional contract in writing. Nor would a decree subjecting such property be void because founded on a verdict. The court further remarks that this decree was signed and entered by the court itself, and that the case differs from *Lester* v. *Piedmont Co.*, 55 *Ga.* 475. To say the least of it, the relief sought in the present petition leaves it very doubtful whether it could have been obtained without a verdict, and this court has repeatedly decided that in such cases the better practice is to obtain verdicts, and judgments entered upon them will not be treated as void or a nullity. See *Everett* v. *Westmoreland*, 92 *Ga.* 673, and *Crow* v. *American Mortgage Co.*, 92 *Ga.* 815, affirming the decision in *Georgia R. Co.* v. *Pendleton*, 87 *Ga.* 751, where it was decided that, "in any case admitting of doubt, the question of rendering a judgment by the superior court without a jury is one not involving jurisdiction, but the proper exercise of jurisdiction, and an improper decision of it is mere error and will not render the judgment void." We think that decision is directly applicable to this case, as the present instance involves sufficient doubt as to whether there should have been a verdict, for the application of that rule. If it was an error, it might have been corrected upon proper motion, and, in the event of such motion being overruled, this proceeding could have been reviewed by direct bill of exceptions to this court. But no such steps were taken; no defense was then filed to the suit, or objections made to the granting of the special relief prayed for; and we think it was clearly too late, after the term of the court at which this judgment was rendered, even if there were any error in the rendition thereof, to attack it on any such ground.

2. It is contended that as the guardian had no right to thus create a lien on the estate of her ward, it was a nullity, and hence that the judgment was void as a lien upon the property. There can be no question about the fact that when a guardian signed a promissory note both individually and as

guardian of another, and, to secure the payment of the same, executed a deed to realty, one tract of which she owned in common with the ward and the other tract she owned absolutely by herself, such deed passed to the creditor at least the guardian's undivided interest in the land; and where in such a case the creditor, after obtaining a general judgment which also embraced a special lien on the land, conveyed it to the grantee individually and as guardian, the ward at the time being dead and the guardian his sole heir at law, it was lawful for the creditor to levy upon and sell the land in its entirety as the individual property of the surviving guardian. There is nothing in the contention that a sale under such circumstances would have created a cloud upon the title, so as to make it unlawful for the sheriff to seize and sell the entire fee in the land; for the public could readily be put upon notice that while the insane ward had, in his lifetime, an interest in some of the property, yet he had died leaving the remaining defendant in the case as his sole heir, thus vesting in her an absolute title to the same.

3, 4. The judge in his opinion granting the injunction expressly holds: "It will be noted that in this case there is a general judgment against Annie D. Brockhan as an individual, as well as the judgment against her as guardian. It appearing that the guardian and quasi administratrix is also the sole heir of the ward; that she has made a solemn admission in judicio that she has fully discharged the trust (necessarily involved that she had delivered the property to herself as heir), and asked to be dismissed; that she either really has or ought to have ample funds in hand to pay the debts of the deceased ward set up by her as outstanding; that this proceeding is in equity and is by her alone, and not by any creditors; and that she is in possession of the land, I am of opinion that she can not protect herself from levy under a general judgment against her by alleging that she holds as guardian and quasi administratrix of the deceased ward, and would be entitled to a year before suit could be brought. I therefore base my judgment on the grounds indicated, viz.: that the verdict and judgment are void." We think there is sufficient evidence in the record to warrant the conclusion reached by the judge that the defend-

ant in execution actually had in hand, belonging to the ward's estate, more than sufficient money to pay all lawful claims against the same, and had filed an application for discharge, alleging therein that the ward's estate had been fully administered; and it was proper to hold that the sale should not be enjoined on the theory that the guardian, as the legal representative of the ward's estate, was entitled to administer the same and accordingly entitled to an exemption of twelve months from legal interference. The trial judge correctly ruled on all the questions involved in the present case, except the one first above dealt with; but erred in granting the injunction on the ground that the plaintiff's judgment was void.

*Judgment reversed. All the Justices concurring.*