## 17137.  WILBANKS *v.* SMITH.

The court did not err in construing the contract sued upon as imposing upon the defendant an absolute and unconditional obligation to pay, and in directing a verdict for the plaintiff.

DECIDED MAY 14, 1926.

Complaint; from Habersham superior court—Judge J. B. Jones. December 4, 1925.

Application for certiorari was denied by the Supreme Court.

E. W. Smith sued J. H. Wilbanks upon the following contract: "This contract made and entered into this date between J. H. Wilbanks, as party of the first part, and E. W. Smith, as party of the second part; agreed, that J. H. Wilbanks, party of the first part, is indebted to E. W. Smith, party of the second part, in the amount of $500.00 as commission in the sale by J. H. Wilbanks of certain property in Cornelia, Ga., to W. D. Vaughn this date. Also agreed that said amount is to be paid out of note given by W. D. Vaughn to J. H. Wilbanks, known as note number 2, dated September 22, 1920, and due December 20, 1921, with interest from January 1, 1921, at the rate of 8% per annum, it is further agreed that the said $500 owed by J. H. Wilbanks to said E. W. Smith shall draw interest from January 1, 1921, at the rate of 8% per annum." The contract was signed only by J. H. Wilbanks. It was alleged that the defendant was indebted to the plaintiff on said contract, and that the defendant refused to pay the same. The defendant filed an answer denying liability, and setting up, specially, that the purchase-money note number 2, referred to in the instrument, had never been paid, and therefore the defendant was not due the plaintiff any amount whatever. The case was tried

---

Bills and Notes, 8 C. J. p. 123, n. 89.
Brokers, 9 C. J. p. 587, n. 99 New; p. 657, n. 56.

by a jury, and at the conclusion of the evidence each party asked for a directed verdict in his favor. The court directed a verdict for the plaintiff in the full amount sued for. The defendant filed a motion for a new trial, both on general grounds and on special grounds to the effect that the court erred in construing the contract as unconditional, in directing the verdict for the plaintiff, and in not submitting, as a question of fact, to the jury the question as to whether the said condition had been satisfied. The motion being overruled, the defendant excepted.

*J. J. & Sam. Kimzey,* for plaintiff in error.

*McMillan & Erwin,* contra.

JENKINS, P. J. (After stating the foregoing facts.) If the obligation sued on was conditioned upon the subsequent collection by the defendant of the debt represented in what is described as note number 2, the court erred in directing a verdict for the plaintiff. The authorities are uniform to the effect that a promise which does not pledge the promisor's credit, but which limits the obligation to payment out of a certain fund, collected or to be collected, is a conditional promise. The only qualification of this rule is to be found in that line of cases (collated in L. R. A. 1917B, 1050) in which the happening of the event on which the promise is conditioned lies wholly or partially within the control of the promisor. Thus, where a duty of bringing about the contingency which will absolve the conditional character of the promise is left by the contract inhering in the promisor, he is under pain of performing that duty, or else his conditional promise will be transformed into an unconditional promise to pay; the rule in such cases being that if one promises to pay another a specified sum of money due the promisor from another, it is the duty of the promisor to exercise proper diligence in the collection of that money, and if he fails so to do, he can not thereafter avail himself of the condition which originally limited his undertaking. In such a case the promisee can enforce payment by alleging and proving the failure to exercise such diligence on the promisor's part. In the instant case, while there was a duty devolving upon the defendant to use proper diligence in the collection of the note number 2 referred to, the plaintiff's case is not planted upon any such theory, although the defendant introduced evidence to the effect that he had sued the maker of note number 2 to insolvency, and was unable to make

collection of the note. The only question, therefore, which is here involved, is whether the promise was conditional or absolute. That is, whether the personal credit of the maker was pledged, or whether the stated liability was contingent upon the happening of an event stated in the instrument as a condition. In determining this question "the true test in every case is, does the instrument carry the general personal credit of the drawer or maker, or only the credit of a particular fund, and this question must be determined according to the circumstances of each case unless the language of the instrument itself puts the meaning beyond doubt." 8 C. J. 123. The editor of the note at 8 L. R. A. (N. S.) 231, uses this general language: "As stated in the case in hand, the rule of law is well stated that, when a bill or note is payable out of a particular fund, it is not negotiable; but that, where the reference to an account or fund is only for the purpose of indicating the source from which the reimbursement is to be made, the negotiability of the instrument is not thereby affected. Whether or not a reference in an instrument to an account or fund operates against its negotiability will depend upon the intention of the maker or drawer, which is to be ascertained by a reference to the language used, or, where such language is ambiguous, by resort to the concomitant circumstances." It might also be said that the same rule would apply where the purpose of the reference to the fund is not only to indicate the source from which reimbursement is to be made, but is also intended to extend the time for payment and to pledge the proceeds of the fund referred to in payment of the obligation. Thus, in *Woolbright* v. *Sneed, 5 Ga.* 167, it was held that "In a promise by A to B, that he will pay him so much money, 'so soon as he can collect it out of C by law,' the qualification has reference to time, and not to the solvency of C. In an action by B on such a promise it is necessary for him to prove that a reasonable length of time has elapsed, for the purpose of collecting money by law, from the date of the promise." See also *Vaughan* v. *Dean, 32 Ga.* 502. If, therefore, the instrument sued on must be taken to establish by its express terms an absolute present obligation on the part of the signer, and that the subsequent reference to note number 2 does not purport to impair such absolute obligation, but by the use of the word "also" merely extends the

time of its enforcement until a pledged fund can be realized on, the effect of such *supplemental* provision would not operate to render the obligation conditional, although it might render it non-negotiable, by leaving indefinite the time of payment.

It will be observed that in this additional provision, relied on by defendant as setting up a condition, the obligation itself is again distinctly and unequivocally recognized, with the additional provision that interest is to be paid on the amount thus acknowledged. There are two certain and unconditional recognitions of an absolute obligation, one prior to the reference to note number 2, which, as stated, by the use of the word "also" seeks to add to, rather than detract from, such absolute acknowledgment, and the other subsequent to the reference to note number 2, in which the debt is again unequivocally acknowledged and a promise made to pay interest thereon. Even if the reference to note number 2 could, if taken by itself, be construed as implying a promise conditional in its nature, still when the instrument is construed in its entirety such provision could not properly be construed as a defeasance of the precedent and subsequent absolute obligation, but should be construed as an additional promise to do more than that, to wit: hold the proceeds of note number 2 as a pledge for the promise sued on. As was said by Judge Bleckley in *Moseley* v. *Walker,* 84 *Ga.* 274, 276 (10 S. E. 623): "The absolute promise to pay $600 on the first of November, 1878, was not qualified in any way by the subsequent provisions of the instrument. The conditional undertaking to render 2,000 pounds of cotton as rent, was no defeasance upon the antecedent undertaking to pay money, but was a stipulation to do more than pay the money—that is, to pay rent in addition to the agreed rate of interest, which was twelve per cent., or if not in addition, in lieu of the interest." In that case the court says, "A conditional incident of failing to pay an absolute debt will not render the debt itself conditional." Nor would the supplemental provision in the contract in the instant case, having the effect of deferring payment and obligating the maker to use the proceeds of note number 2 in satisfying his twice stated absolute obligation, have the effect of impairing such obligation. See generally 35 L. R. A. 649.

Counsel for the plaintiff in error, in their excellent brief, have presented with much ability their contention that the obligation

was restricted to whatever might be derived from note number 2. They present two cases which it has been difficult to distinguish from the line of rulings that we have felt should control our decision. The cases just referred to are *Wilson* v. *Morrison, 29 Ga.* 269, and *Corbett* v. *State, 24 Ga.* 287. The effect of the ruling in the *Wilson* case is that the stipulation, "said note to be paid out of a certain note I have this day traded to said Morrison on L. B. Perryman, when collected, due at the same time as the above," amounted to a condition that the note sued on could be collected when the "traded" note was collected, and "not before;" in other words, provided only the "traded" note was collected. In the *Wilson* case, since the note sued on expressly provided a fixed date of maturity, the purpose of such a reference could not be, as in the instant case and as was said by Judge Nisbet in the *Woolbright* case (5 *Ga.* 167), a qualification as to time only. Furthermore, in the *Wilson* case the purpose of such reference could not be (as here) to pledge as collateral the note referred to, since in the *Woolbright* case the note referred to had already been "traded." Accordingly, in the *Woolbright* case the only possible purpose and effect of the reference must have been to impose a condition. Moreover, under the authority of the *Moseley* case (supra), since the instrument in the instant case does contain a complete and absolute obligation, it would not be affected by an additional and supplemental provision, even though such might be construed as a conditional obligation. Much to the same effect might be said with reference to the *Corbett* case, since the reference in that case could not mean that the fund referred to was thereby intended to be assigned or pledged, as in the instant case appears to us to have been the manifest purpose. Moreover, the previous ruling of the Supreme Court in the *Woolbright* case (5 *Ga.* 167), if applicable, would be controlling.

*Judgment affirmed. Stephens and Bell, JJ., concur.*