40593. CHARLES F. NOYES COMPANY, INC. et al.
v. HADSELL.

DECIDED OCTOBER 8, 1964—REHEARING DENIED
OCTOBER 21, 1964.

*Aaron Kravitch*, for plaintiffs in error.
*James B. Blackburn*, contra.

PANNELL, Judge. Charles F. Noyes Company, Inc., and Harold H. Deutchman brought suit against William V. Hadsell, Jr., in the Superior Court of Chatham County on October 12, 1962, alleging, "That said defendant is indebted to petitioners in the sum of twenty-five thousand dollars ($25,000), by virtue of an agreement entered into by and between said parties dated December 2, 1960, wherein said defendant agreed to pay to petitioners said sum for services rendered in interesting Wallace Plapinger and others, of Trenton, New Jersey, in the construction of a shopping center on certain property known as the Thomas Tract, in Savannah, Chatham County, Georgia. A copy of said agreement is attached hereto, marked 'Exhibit A,' and made a part of this petition.

"It was agreed that the moneys due under said agreement were to be paid to petitioners by the defendant in three (3) equal annual installments, commencing with the date foundations were poured for the proposed shopping center, but that said moneys were not paid and subsequently, on July 11, 1961, the said property was conveyed to White Bluff Plaza, Inc., which was owned by a new corporation known as Hadchi, Inc.

"That no part of said moneys due have been paid and said defendant has denied liability in the premises and has denied that he is indebted to petitioners in any sum or sums whatsoever.

"That although the initial agreement was entered into between plaintiffs and William V. Hadsell, Jr., and John Chiboucas, that said John Chiboucas was released by the defendant, Hadsell, leaving the claim of the plaintiffs only against the remaining defendant, Hadsell."

The prayers were for process and judgment for $25,000, with interest and court costs. The exhibit A attached to the petition was a letter written on December 2, 1960, by Hadsell and Chiboucas to the plaintiffs, and was as follows: "Re: Thomas Tract, Savannah, Georgia. Gentlemen: Your signature at the foot of this letter will constitute an agreement between us relating to compensation to be paid for your services in connection with the formation of the corporation to be known as_____ _____. The undersigned hereby acknowledge that Charles F. Noyes Company, Inc. and Harold H. Deutchman, 206 West State Street, Trenton, New Jersey, are the real estate brokers who were successful in interesting Mr. Wallace Plapinger and other of Trenton, New Jersey, in joining with us through the means of such a corporation in the purchase of real estate known as the Thomas Tract, comprising two hundred sixty five (265) acres more or less, extending from the east side of White Bluff Road to the west side of Waters Road, Savannah, Georgia, for the purpose of erecting a shopping center on part thereof.

"We have recognized your services as brokers in the above transaction and it has been agreed that as full compensation for such services, we hereby agree to pay you the sum of twenty-five thousand ($25,000) dollars from the net proceeds, received

by us for our 20% ownership in the above mentioned shopping center corporation, $8,333.33 from the first year's net proceeds, $8,333.33 from the second year's net proceeds, $8,333.33 from the third year's net proceeds.

"It is expressly agreed and understood by all parties hereto, that the entire twenty-five thousand ($25,000) .dollars compensation is to come from our 20% ownership of the shopping center; and that if there is not sufficient net income from such ownership in any one year to meet the above outlined payment schedule, the time will automatically be extended from year to year until such time as there is sufficient net income to meet the full payment of the twenty-five thousand ($25,000) dollars; however, no payment in any one year shall exceed eight thousand three hundred thirty-three and 33/100 dollars ($8,333.33). The net income referred to herein is to mean the total income less the amount due Plapinger and his associates for moneys advanced in accordance with the agreement between Plapinger and his associates and Hadsell and Chiboucas.

"Each of these payments will be made to Charles F. Noyes Company, Inc., 42 Broadway, New York 4, New York. One-half (½) of each payment shall be paid by Charles F. Noyes Company, Inc. to Mr. Deutchman as his share of such commissions."

The plaintiffs signed their acceptance at the foot of the letter in the place provided.

The defendant demurred generally to the petition on the grounds that the petition upon the face thereof failed to set forth a cause of action against the defendant and was not sufficient in law for the plaintiffs to have or maintain the action against the defendant. The trial court sustained the demurrer, and on exceptions to his ruling this court affirmed the trial judge in holding that the contract attached to the petition was one agreeing to pay plaintiff as a real estate broker and the failure of the petition to allege that plaintiffs were licensed real estate brokers defeated the action. *Charles F. Noyes Co. v. Hadsell*, 109 Ga. App. 580 (136 SE2d 923). On certiorari the Supreme Court reversed this court in its holding construing the contract and the resulting affirmance of the trial court's ruling

for that reason, but confined its ruling solely to the construction of the contract. 220 Ga. 215 (138 SE2d 307).

If the trial judge, in dismissing the petition on the demurrer filed thereto, was correct for any reason, his judgment must be affirmed even though the reasons he gives for his judgment may be erroneous. *Thomas v. Mayor &c. of Savannah,* 209 Ga. 866 (76 SE2d 796).

Where, as in the present case, the agreement sued upon recites that it is one "relating to compensation to be paid for" plaintiff's "services in connection with the formation of the corporation to be known as_____" and for plaintiff's services in having successfully interested named persons to join with the defendants, through the means of such corporation, in the purchase of real estate for the purpose of erecting a shopping center on a part thereof, such agreement contemplates the performance, at least in part, of future services of the plaintiff in the formation of the corporation, and the contract being entire and not divisible, the failure to allege that the plaintiffs rendered such services defeats the action. *Maner v. Clark-Stewart Co.,* 33 Ga. App. 424 (2) (126 SE 871); *Macon Union Co-Operative Assn. v. Chance,* 31 Ga. App. 636 (3) (122 SE 66); *Dolan v. Lifsey,* 19 Ga. App. 518, 519 (5) (91 SE 913).

The petition in the present case failing to set forth a cause of action for the reasons above given, the trial court did not err in sustaining the general demurrers and it becomes unnecessary to determine whether it also failed to set forth a cause of action because the contract sued upon shows that any sums owed thereunder were to be paid out of a particular fund, if paid at all, (see, in this connection, *Wilbanks v. Smith,* 35 Ga. App. 431, 133 SE 300; *Wilson v. Morrison,* 29 Ga. 269 (2)); or whether the additional agreement to make payments beginning with the date foundations were poured for the proposed shopping center modified the provisions as to payment out of particular funds, and if so, whether the failure to allege that the foundations were poured prevents the petition from setting forth a cause of action. See *Sext v. Geise & Co.,* 80 Ga. 698 (6 SE 174).

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*