By the Court,

Nelson, C. J.
The only question in this case, is, whether a remedy exists at law. It is contended that the plaintiff must resort to the action of account, or bill in equity, to recover the money claimed by him.
It 'has been frequently held in this court, that on a sale of a chattel by the joint owner, and receipt of the money, the co-tenant may recover his moiety in the action for money had and received. 2 Caines, 166 ; 15 Johns. R. 159; Wheat. Selw. 79. The principle, I think, may well govern the present case. The one is the sale of the whole interest in the chattel, the other a virtual sale of the interest for a year: if the remedy be appropriate in the one ease, it seems equally so in the other. The doctrine has been repeatedly applied in Massachusetts, 9 Mass. R. 538; 3 Pick. 420 ; Wheat. Selw. 79, and comes fairly within the reason and principle upon which this action is founded. The money claimed is the money of tho plaintiff: it was received by the defendants for the use of his property, and in honesty and conscience should be paid over.
In the case of partnership dealings, Lord Ellenborough said, in Robson v. Curtis, 1 Stark. R. 63, that if only one item remained unadjusted, the difficulty as to partnership would disappear.
The action of account, as well as the proceeding by bill in chancery, is *314 dilatory and expensive ; and though appropriate and necessary in complicated accounts between partners and tenants in common, the reason for a resort to one or the other of these remedies does not exist here. The item in dispute can be readily adjusted in the action of assumpist. The motion to set aside the report of the referees should be granted.
Ordered accordingly.