Andrews *vs.* Murphy and another.

No. 69.—JOHN G. ANDREWS, plaintiff in error, *vs.* CELIA MURPHY and another, defendants in error.

[1.] The description of the property conveyed in a deed, is sufficiently certain when it shows the intention of the grantor, as to what property is conveyed, and makes its identification practicable.

[2.] A purchaser at Sheriff's sale, buys the title and interest of the defendant in execution, and no more.

[3.] When property is held in joint tenancy, and is pointed out by one as the property of another of the tenants, and is sold as his property, under an execution against both: *Held,* that in the absence of evidence of a fraudulent purpose to induce the purchaser to believe that he is buying the whole property, he acquires only the interest of the tenant in it, as whose property it was sold, and not the title to the whole.

[4.] Equity has concurrent jurisdiction with Courts of Law, over matters of account between tenants in common, and when asserted, a Court of Chancery will hold and exercise it for the purpose of settling all the equities between the tenants, growing out of the tenancy in common.

In Equity, in Harris Superior Court. Tried before Judge IVERSON. September Term, 1852.

Celia Murphy and Abigail Murphy filed a bill against John G. Andrews, showing that they were. joint tenants with one George H. Booker, in a house and lot of land, lying in Harrris County. Afterwards, the Sheriff levied upon, and sold the land as the property of Booker, and Andrews became the purchaser; that Andrews took possession of the entire property, and refused to complainants any participation therein; that he rented the house for thirty-six dollars, for the year 1849, and since that time has removed the house off the premises, and appropriated the same to his own use. The prayer of the bill was for an account for the rent and value of the house removed.

On the trial, the counsel for defendant moved to dismiss the bill for want of equity, which motion was overruled, and defendant excepted. Defendant's counsel then moved the Court to compel complainants to elect to proceed on one of the causes of action set forth, and to abandon the other; which being overruled, defendants excepted.

The complainants introduced in evidence a deed made to themselves and Booker jointly, and in which the property was described as " one house and lot in the Town of Whitesville, in Harris County, Georgia; situate, lying and being between the forks of the LaGrange and West Point roads, running back to B. F. Cleveland's line, containing one quarter of an acre, more or less."

Counsel for respondent requested the Court to charge the Jury that this deed was void for uncertainty. The Court declined so to charge, and respondent excepted.

It appeared that the *fi. fa.* levied on this house and lot, under which it was sold, was issued against the complainants as well as Booker, and that the complainants pointed out this property to the Sheriff, to be levied on.

Respondent's counsel requested the Court to charge the Jury, that if they believed that the house and lot were levied on, advertised and sold as the property of Booker, without mentioning the title or interests of the other complainants, that fact did not of itself prevent the title to the entire premises, passing to the purchaser; which charge the Court refused to give, but on the

contrary, charged, that the sale passed the title to the purchaser to Booker's interest only.

To this charge and refusal to charge respondent excepted.

WELLBORN, for plaintiff in error.

RAMSEY, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] I do not consider that the objection to the deed in this case, upon the ground of uncertainty in the description of the premises conveyed, is at all tenable. It is necessary that there be in all valid deeds, a description of the thing conveyed, and there must be such certainty in the description, as clearly shows what the grantor intended to convey, and as will render it practicable to identify the premises. The rule is laid down with sufficient clearness by Judge *Marshall* in the following words: "it is undoubtedly essential to the validity of a grant, that there should be a thing granted, which must be so described as to be capable of being distinguished from other things of the same kind. But it is not necessary that the grant itself should contain such a description as without the aid of extrinsic testimony, to ascertain precisely what is conveyed." *Blake vs. Doherty,* 5 *Wheat.* 359. The description here is "one house and lot in the Town of Whitesville, in Harris County, Georgia, situate, lying and being between the forks of the LaGrange and West Point roads, running back to B. F. Cleveland's line, containing one quarter of an acre, more or less." It is full enough for all purposes of intention and identification. It contains within itself almost perfect evidence of locality and quantity. There is scarcely room for the possibility of a mistake. The character of the property, a *house and lot;* their locality, *the Town of Whitesville, Harris County, Georgia;* and further, *lying in the forks of the LaGrange and West Point roads;* the quantity, *one quarter of an acre,* and its boundaries, *the two roads, and B. F. Cleveland's line.* If Lord *Mansfield* could uphold a deed, when the description

only named the quantity of the land, and the persons in whose possession it was, surely we can sustain this deed. 5 *Taunt.* 207.

This bill is filed by two tenants in common, against a third, for an account, and in its allegations, and by the testimony at the hearing, makes the following case. The complainants became bound with one Booker for the purchase money of a house and lot in the Town of Whitesville, with the understanding that the title thereto should be executed to him and them jointly. This was accordingly done, and they and he became thereby joint tenants of the property. The complainants and Booker, were all sued for the purchase money, and judgment went against them. They pointed out the house and lot as the property of Booker, and it was sold under the execution against them and him, and the defendant below, Andrews, became the purchaser. He went into possession, and received rent for a year or two, and then tore down the house, and removed it to his own premises. Considering him as a tenant in common with them, they pray that he be decreed to account to them for their two-thirds interest in the rent so received, and in the value of the house so appropriated. Upon the trial, the Court was asked to instruct the Jury, that if they believed that the house and lot were levied on, advertised, and sold as the property of Booker, without mentioning the title or interest of the complainants, that fact did not of itself prevent the title to the entire premises passing to the purchaser; which charge the Court refused to give, but on the contrary charged, that the sale passed the title to the purchaser of Booker's interest only. Whereupon, the defendant, Andrews, excepted.

[2.] At Sheriff's sale, the purchaser buys the title and interest of the defendant in execution; he can buy no more and no less. The defendant in execution, Booker, being a joint tenant of the property with these two complainants, held an undivided one-third interest in it, and that was the interest which the purchaser acquired.

[3.] His interest as purchaser is not increased by the fact that the property was pointed out as the property of Booker. His title and his interest do not depend upon the fact that the

whole property was offered and sold as the property of Booker; they depend upon the title and interest which the law applicable to his relation to the complainants as a joint tenant with them, gave to the defendant in execution. Nor is this universal rule that the purchaser at Sheriff's sale, acquires only the property of the defendant in execution, varied by the fact that the complainants were co-defendats in execution with Booker. Whilst the judgment lien attached upon their property, it also attached upon his. It was competent for the plaintiff in execution to have satisfaction out of him as well as them. He was entitled to elect out of which of the parties bound he would seek his satisfaction. He did elect to sell Booker's property. The complainants no more parted with their interest in this property, by pointing out the defendant Booker's interest in it, than they would have done, had they pointed out any other property belonging to him. It was their right to point out Booker's property. That property was an undivided third in the entire corpus of the house and lot. Pointing it out, was neither a fraud in law nor in fact upon purchasers. If indeed they had colluded with the Sheriff or with the plaintiff in execution, to induce the purchaser to believe that he was buying the whole property—or without collusion, had by acts or words induced him so to believe, then the case would have been different. But a fraud is not pretended in this case—no point as to fraud is made. They are females—were not present at the sale, and had no agency in it, except to point out the property to the officer.

Before going into the trial, the defendant's counsel made to the Court a motion to dismiss the bill for want of equity, and for a misjoinder of causes of action, which motion was refused by the Court. He then moved the Court, that the complainants be put upon their election as to which of the two causes of action they would rely upon, which motion was also refused, and to the ruling of the Court on both motions he excepted.

[4.] It is claimed that Equity has no jurisdiction, because the complainants have an ample remedy at Law. How stands the case? The complainants were joint tenants of the property with Booker. The sale of Booker's interest dissolved the joint

tenancy, and the purchaser, Andrews, became a tenant in common with them.    The bill prays an account of the rents received by him, and also of the value of the property appropriated by him.    Account between tenants in common, is a familiar head of Equity jurisdiction.  It may be conceded that they could have maintained an action at Law for their part of the rent and of the value of the house.    See 2b *Wend.* 409.    2 *Caine's,* 166.    15 *Johns.* 159.    9 *Mass.* 538.    3 *Pick.* 420.    Yet over such subject-matter, Equity has concurrent jurisdiction with the Courts of Law.    1 *Story's  Eq. Jurisp.* 447, §466.    When the two Courts have  concurrent jurisdiction,  that  which  first  asserts will retain it.    It is true too,  that Andrews would be liable in Law to his co-tenants in  tort for the destruction of the common property.    Yet as Equity has jurisdiction of the account for rent, and as the  right of  the complainants to a share in  the  house, grew out of the relation of tenants in common;  having got jurisdiction as to the rent, it will retain it for the  purpose of settling all the equities between the parties  which spring  out of the tenancy.    It delights in doing complete justice, and abhors a multiplicity of  suits.    It will not send these  complainants to the Law Courts,  there to  prosecute two suits for the  settlement of those matters which it has now in hand.    Nor would their remedy at Law  be sufficiently ample in this case  to warrant  Equity in declining the jurisdiction.    For these reasons too, there  was no misjoinder of causes of action, and it was not, therefore, a case for  election.

Let the judgment be affirmed.