ISAAC SMALL, RESPONDENT, *v.* WILLIAM H. ROBINSON, APPELLANT.

*Joint owners of personal property — sale of, by one to himself — Fraud.*

The defendant, one of several owners of a canal boat, sought to obtain from his co-owners permission to sell it to one Youngs for $2,500. All except the plaintiff consented, whereupon the defendant sold the boat and gave to each owner, including the plaintiff, a check for his share of the $2,500, all of which

were paid. At the time of the sale it was agreed between Youngs and the defendant that the latter should own one-half the boat on paying half the price. Subsequently the boat was sold to other parties for $4,000.

The plaintiff having learned of the secret agreement between defendant and Youngs, brought this action to recover his share of the surplus realized by the defendant upon the second sale. *Held*, that the secret agreement rendered the first sale void, and that plaintiff was entitled to ratify the second sale and sue for his share of the price received thereon.

Where one joint owner of personal property assumes, without authority, to sell the interest of other owners, they may repudiate such sale and sue for the conversion of the property, or they may ratify it and sue for their share of the money received.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Geo. W. Smith*, for the appellant.

*Fred. J. Small*, for the respondent.

MULLIN, J. :

In June, 1871, the plaintiff, defendant, and Charles A. Girvon, and William G. Milligan, were owners of the canal boat Independence, then in charge of the defendant; he, defendant, desired to sell the boat, and for that purpose applied to his co-owners to consent to a sale of her to one John Youngs, for $2,500. Plaintiff and Milligan refused to consent to the sale. Girvon gave his consent to sell at the amount proposed. Soon after Milligan gave his consent to the sale, and thereupon a sale was made, by defendant, of the whole title, to Youngs, for $2,500, payable in five yearly payments of $500 each, with interest, for which he gave his own notes.

By an agreement between Youngs and the defendant the latter was to own one-half of the boat and pay one-half of the notes.

When Milligan gave his consent to the sale to Youngs he did not know that defendant was interested in the purchase.

Soon after the sale was made, the defendant sold the boat to Remington & Sons for the sum of $4,000.

After the sale to Youngs, defendant gave to each owner a check for his share of the $2,500. The plaintiff indorsed on the back of the check given to him the words: "Received towards the payment of the boat Independence." The other owners accepted the

check, and those checks, together with the one taken by plaintiff, were presented to the bank, on which they were drawn, and paid.

The plaintiff and Milligan did not learn of the sale to Remington & Sons until a short time before this action was commenced.

This action is brought by the plaintiff to recover his portion of the amount received by the defendant for the boat, over and above the $2,500. Milligan has assigned his claim for the same amount to the plaintiff, who demands judgment for both claims.

The ground on which the action is brought is, that the sale to Youngs was fraudulent and void, because the defendant, who made the sale as agent for his co-owners, was interested in the purchase, and that the only legal sale was to the Messrs. Remington, and that being for $4,000, plaintiff and Milligan are entitled to their shares of that sum.

The defense is a denial of some of the allegations of the complaint, and an allegation that all of the co-owners consented to the sale to Youngs except the plaintiff; and defendant alleges he believes the plaintiff also consented, and that such owners ratified and approved the sale. It is also alleged that the boat was not worth more than $2,500 at the time of the sale to the Messrs. Remington, and hence the plaintiff and Milligan have not been defrauded.

The referee finds the facts, substantially, as above stated, and his conclusion of law is that the sale to Youngs is a nullity, and that defendant is indebted to the plaintiff in the sum of $974.66.

One joint owner of personal property can only sell his own interest in it; if he assumes to sell the interest of the other owners they may repudiate it and bring trover for its conversion, or they may ratify the sale and sue him for their share of the money received. (*Tyler* v. *Taylor*, 8 Barb., 585; *Wilson* v. *Reed*, 3 Johns., 175; *Nowlen* v. *Colt*, 6 Hill, 461; *Cochran* v. *Carrington*, 25 Wend., 409.)

The co-owners, by receiving their shares of the price for which the boat was sold, would have ratified that sale had they known that defendant was interested in the purchase; but they did not then, and there was therefore no ratification.

In selling the boat to Youngs defendant acted as the agent of the other owners, and could not become a purchaser without their knowledge and consent.

It was a gross fraud upon them for defendant to sell to himself their property, and that fraud rendered the sale void.

The plaintiff and Milligan are willing to treat the sale to the Messrs. Remington as valid, and demand their respective shares of the price paid by these gentlemen for the boat. This they are entitled to.

The defendant's counsel insists that the plaintiff and Milligan were not defrauded, because they have already received their shares of the full value of the boat; that the fraud, if there was any, was *damnum absque injuria.*

Such a proposition is simply monstrous. If it should be held to be law, a more perfect and complete cover for fraud could not be invented. But it is unnecessary to discuss it; it cannot. be entertained for a moment.

The judgment is right, and must be affirmed.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Judgment affirmed.