## EVERETT *v.* WESTMORELAND *et al.*

1. Where in an action by the second indorser against the first indorser of a promissory note, the declaration, besides setting forth the note with its indorsements, alleges a state of facts not apparent upon the instrument itself, which rendered protest for non-payment necessary to bind the indorsers, the case is properly one for a verdict by a jury, and not one for judgment by the court without a jury, although no issuable defence on oath has been filed. In such case the liability of the first indorser to the second is conditional upon the truth of the matters alleged in the declaration as to protesting.

2. Where a garnishment is sued out *pendente lite* by the plaintiff and dissolved by the defendant, there can be no judgment rendered on the bond given to dissolve the garnishment until after judgment is rendered in the main action in favor of the plaintiff against the defendant therein. This judgment must be against the defendant alone, and not against him jointly with the surety on the bond.

3. As the requisite preliminary judgment referred to above had not been rendered on the verdict, there was no error in setting aside the joint judgment rendered by the court against the defendant and the surety on the bond.

4. Where, by misdescription in the bond executed by the principal and surety to dissolve a garnishment, the debt in the pending suit in aid of which the garnishment was issued, is stated as involving a less amount than it did involve, the bond is not vitiated thereby, nor is the undertaking of the surety to pay according to the condition of the bond limited or affected by the mistake.

November 20, 1893.

Motion to set aside judgment. Before Judge VAN EPPS. City court of Atlanta. August 11, 1893.

C. T. LADSON, for plaintiff.

A. A. MEYER, for defendants.

SIMMONS, Justice.

Stockton gave his promissory note payable to the order of Westmoreland, Westmoreland indorsed it to Everett, and Everett indorsed it to the Bank of the State of Georgia. Everett sued Westmoreland as first indorser on the note, alleging that Stockton had failed to pay it, and that the holder, the Bank of the State of Georgia, had duly protested it for non-payment; that "notices were served upon the plaintiff and said defendant; and plaintiff, after calling upon defendant to pay said note as payee and first indorser, who failed and refused so to do, was compelled to pay the same as aforesaid to said holder." Everett also sued out a summons of garnishment, directed to the Richmond & Danville Railroad Company; and Westmoreland dissolved the garnishment by giving a bond for the eventual condemnation money, with one Martin as security thereon. A verdict

was taken in favor of the plaintiff against the defendant for the amount of the note, with interest, but no judgment was entered thereon against the defendant, though a judgment was entered against him and against Martin as security on the bond given to dissolve the garnishment. Subsequently Westmoreland and Martin moved to set aside the judgment, on the ground that it was a nullity, because the note sued on was an unconditional contract in writing, and the court should have rendered judgment without the intervention of a jury; and that there was no prior judgment against Westmoreland upon which to base the judgment against the security on the bond. Martin also alleged in his motion that he became surety on a bond signed by Westmoreland as principal, to dissolve a garnishment issued in a case described in the bond as being an action for $150 pending in the city court in favor of Everett against Westmoreland, and that he had never become surety on any other bond in this case or in any other between these parties; but that the court in this case entered judgment against him for $300 principal, besides interest and costs of suit, which judgment was illegal and void, because he was obligated only for the $150 mentioned in the bond.

1. Upon its face the instrument sued on is an unconditional contract in writing; and if the plaintiff had sued upon it as such, he would have been entitled to a judgment by the court without a jury, no issuable defence having been filed on oath. (Constitution, art. 6, sec. 4, parag. 7, Code, §5145.) In his declaration, however, he voluntarily disclosed a state of facts which introduced into the case an element of condition, the condition being that there should be protest and notice. The code declares that in order to bind indorsers of promissory notes which "are made for the purpose of negotiation, or intended to be negotiated at any chartered bank, . . notice of the non-payment thereof,

and of the protest of the same for non-payment, . . must be given to the indorsers thereon within a reasonable time . .; but it shall not be necessary to protest, in order to bind indorsers, except in the following cases, to wit: 1st, when a paper is made payable on its face at a bank or banker's office; 2d, when it is discounted at a bank or banker's office; 3d, when it is left at a bank or banker's office for collection." (§2781.) It appearing from the declaration that the note sued on was negotiated at a chartered bank, which was the holder when the note fell due, it became necessary, in order to bind the defendant as first indorser, to show that it was protested for non-payment. The declaration alleged that this was done, and it was incumbent upon the plaintiff to sustain the allegation by proof. The case, therefore, was properly one for the verdict of a jury, and not one for judgment by the court without a jury. Whenever it is incumbent on the plaintiff to make proof of anything outside of what is contained in the contract sued on, the verdict of a jury should be taken, whether an issuable defence has been filed or not. We do not intend to intimate, however, that if judgment were entered upon the verdict of a jury where the law requires the court to act without a jury, the judgment would in every case be void. We think that in a doubtful case like the present the judgment would be irregular and reversible upon a writ of error, but not void. See *Georgia Railroad & Banking Co.* v. *Pendleton*, 87 *Ga.* 751, 753.

2, 3. Under the act of October 15th, 1885 (Acts 1885, p. 96), when a summons of garnishment has been issued pending a suit for the debt, and the garnishment has been dissolved by the giving of bond and security as the law requires, judgment cannot be entered on the bond until a prior judgment has been entered against the defendant in the suit. Judgment in the suit should be against the defendant alone ; and when it has been

v 92-43

entered against him, the plaintiff may enter up judgment on the bond also, against him and his security. The judgment in the suit is the foundation on which a judgment on the bond is predicated, and until there is a judgment in the suit, there is no basis on which to enter one on the bond. The punctuation of this statute as it appears in the printed volume of acts (*supra*), is manifestly incorrect. The first section of the act should read as one sentence. In this case it appears from the record that no judgment was rendered against Westmoreland on the verdict. There was simply a judgment on the bond which had been given by him and his surety to dissolve the garnishment. The court, therefore, did not err in setting aside that judgment, though the reason which operated on the mind of the court for so doing was not the correct one.

4. The bond given to dissolve the garnishment recites that "said Everett has an action pending in the city court of Atlanta  .  .   for the recovery of one hundred and fifty dollars principal, and interest, which the said Everett alleges is owing to him by the said Westmoreland, and that said Everett has sued out a summons of garnishment, which summons has been served on the Richmond & Danville Railroad Company. Now if the said Westmoreland shall pay to the said Everett the amount which may be recovered and the cost thereon in said action, then this bond to be void." Martin, the security on the bond, claims that under the recital as to the amount involved, he is only bound for $150, and is not bound for the amount of the judgment, which was for $300 principal, besides interest and costs. The court below overruled this ground of the motion, and we think was right in so doing. The contract of the surety on the bond was to pay the amount of the judgment that Everett should recover against Westmoreland, whatever that might be. The mistake in describ-

ing the action as one " for the recovery of one hundred and fifty dollars," etc., when it was in fact one for $300 and interest, did not vitiate the bond, nor limit or affect the undertaking of the surety to pay according to the condition of the bond.                    *Judgment affirmed.*