BEMIS *et al. v.* ARMOUR PACKING COMPANY *et al.*

There is, in equity cases, no constitutional right of trial by jury in this State, but such right, so far as it exists, is statutory only.
LITTLE, J., concurring specially.

Argued June 15, 16, — Decided July 26, 1898.

Exceptions to auditor's report. Before Judge Fite. Whit-field superior court. July 22, 1897.

*Jones, Martin & Jones* and *R. J. & J. McCamy,* for plaintiffs in error. *Shumate & Maddox, J. H. McLean, Francis Martin* and *Martin & White,* contra.

LUMPKIN, P. J. The Armour Packing Company and others, creditors of the W. O. Peeples Grocery Company, a Tennessee corporation, brought an equitable petition against it and against C. C. Bemis and D. M. Peeples, in the superior court of Whit-field county. The case was referred to an auditor, to whose re-port numerous exceptions, both of law and of fact, were filed. The court sustained some of the exceptions of law, and overruled the others. It is only necessary in this connection to remark that none of the exceptions sustained by the court were of suffi-

cient importance or materiality to affect the final result; nor do we find that any error was committed in overruling the remaining exceptions of law. The court disapproved all the exceptions of fact, and entered a final judgment in favor of the plaintiffs below. The main and controlling question in the case arises upon the refusal of the judge to submit to a jury the exceptions of fact filed by the plaintiffs in error to the auditor's report. They insisted in the trial court, and earnestly contended here, that it was their constitutional right to have these exceptions of fact passed upon by a jury. It was urged that in so far as the act of December 18, 1894 (Acts of 1894, p. 123), providing for the appointment of auditors, prescribing their duties, etc., and the act amendatory thereof, approved December 16, 1895 (Acts of 1895, p. 47), denied the right of trial by jury in cases like the present, they were unconstitutional because in conflict with par. 1, sec. 18, Art. 6, of the constitution (Civil Code, § 5876), which declares: "The right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate," etc. This is no new question. It has, in one way or another, been before this court on several occasions. In *Mahan v. Cavender,* 77 *Ga.* 118, a majority of this court held that the right to jury trial in equity cases was statutory only. While Chief Justice Jackson did not concur in this view, yet the decision has stood for more than eleven years, and the General Assembly has not in the meantime chosen, though it had the power to do so, to give a right of jury trial in such cases. On the contrary, in the two acts above cited it legislated in the other direction. Moreover, the conclusion announced in *Mahan v. Cavender* has several times received the sanction and approval of a full bench. See *Poullain v. Brown,* 80 *Ga.* 27; *Mackenzie v. Flannery & Co.,* 90 *Ga.* 590; *Central Trust Co. v. Thurman,* 94 *Ga.* 735; *Hearn v. Laird,* 103 *Ga.* 271. The case last referred to was decided by the present bench, consisting of six Justices, and all concurred. It is true that some of the above-mentioned cases may not have directly and necessarily called for a decision of this important question, but all of them at least serve to show that this court has given the subject much consideration and has steadily adhered to the ruling made by the majority in 77 *Ga.*

We do not care to reopen the question or to enter upon a further discussion of it. We believe it has been correctly decided, and therefore leave the matter as it stands.

　　*Judgment affirmed. All the Justices concurring.*

LITTLE, J. I concur upon the authority of the previous decisions of this court, which are binding upon me. As an open question, I would be disposed to hold that the plaintiffs in error had a constitutional right to a trial by jury upon the issues presented by their exceptions of fact to the auditor's report, of which they could not be deprived by legislative enactment.