## THORNTON v. MUTUAL BUILDING AND LOAN ASSOCIATION.

Where suit is brought upon a written contract. which is not unconditional, a judgment entered thereon by the court without a jury is void.

Argued June 20, — Decided July 23, 1901.

Affidavit of illegality. Before Judge Reese. Hart superior court. September 17, 1900.

*A. G. McCurry* and *O. C. Brown*, for plaintiff in error.
*J. H. Skelton* and *W. L. Hodges*, contra.

SIMMONS, C. J.   An execution issued upon a judgment against Thornton was levied upon certain real estate.   Thornton filed an affidavit of illegality.   One of the grounds of this illegality was, that the contract which was the basis of the judgment was a conditional contract, and that the judgment was void because entered by the court without a jury.   The judgment was shown to have been rendered by the court without a jury, and contained a recital that no issuable defense upon oath had been filed to the suit. The contract upon which the judgment was based was a bond given by the defendant to the plaintiff, a building and loan association.   It contained a condition that it should be void if Thornton should pay certain weekly and monthly dues and all taxes and assessments, and comply with all the by-laws, rules and regulations of the association.   Under this contract Thornton would never have to pay the sum named in the bond, or any part thereof, if he complied with the by-laws, rules and regulations of the association, and paid the dues, taxes, and assessments.   Until a breach was shown, nothing was due upon the bond; and such proof should have been made before a jury.   That this contract was not unconditional must be apparent.   The court can enter up judgment without a jury only in "civil cases founded on unconditional contracts in writing, where an issuable defense is not filed under oath or affirmation." It must follow that the judgment here in question was void.   Civil Code, § 5076; *Rodgers* v. *Caldwell*, 112 *Ga.* 635.   The court therefore erred in overruling the affidavit of illegality.

*Judgment reversed.   All the Justices concurring.*