## DREW *et al.* v. DREW *et al.*

HILL, J. 1. Equity has jurisdiction in cases of partition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just. Civil Code (1910), § 5355. Accordingly, where the land is sought to be partitioned in an equitable proceeding in which both plaintiff and defendant have notice, and also notice of the appointment of commissioners who make their return, and the return is made the judgment of the court with knowledge of both parties to the proceeding, it is too late, after the decree making the return of the commissioners the judgment of the court, to file objections to such return of the commissioners. It was therefore not error to dismiss objections filed after the term in which the return of the commissioners was made the judgment of the court.

2. In equitable proceedings to partition land the rule applicable to statutory proceedings for that purpose, as provided in the Civil Code (1910), § 5363 et seq., does not apply.

3. An assignment of error that " to this refusal of the court to allow the plaintiffs to prove their case as laid, and in allowing the defendant to submit proof on the question of mesne profits, and the verdict of the jury and the judgment of the court thereon, the said plaintiffs in error excepted, and now except and · assign the same as error upon the ground that said ruling and judgment of the court and ver-

dict of the jury was contrary to the evidence, the weight of the evidence, and without evidence to support such ruling and said verdict, and contrary to law and without any law to support such ruling and the verdict as ruled and made in said case" (there being no brief of the evidence in the record or in the bill of exceptions), is too general to raise any question for consideration by this court.

*Judgment affirmed. All the Justices concur.*

No. 1951.   JANUARY 13, 1921.

Partition of land. Before Judge Kent. Laurens superior court. January 30, 1920.

*Faircloth & Faircloth,* and *M. H. Blackshear,* for plaintiffs in error.

*J. S. Adams* and *R. Earl Camp,* contra.