## DON *v.* DON.

GILBERT, J. 1. The petition alleged acts of cruelty legally sufficient to set out a cause of action for divorce; and the evidence, while conflicting, authorized the jury to find for the plaintiff.

2. It follows from the foregoing ruling that there is no merit to the contention that the court erred (1) in overruling the defendant's motion to dismiss the case, (2) in refusing to order a nonsuit, (3) in overruling the motion for a new trial.

3. Refusal of the court to dismiss the petition or to grant a nonsuit can not properly be made ground for a motion for a new trial; but the same points are made by assignments of error in the bill of exceptions, and are ruled upon above.

4. Error is assigned in the bill of exceptions on the overruling of defendant's motion "not to proceed with" the case until the Supreme Court disposed of a suit for alimony instituted by the defendant. The court did not err in overruling this motion for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 5277.    OCTOBER 14, 1926.

Divorce, etc.    Before Judge Meldrim.    Chatham superior court. January 9, 1926.

Joseph Don brought suit against his wife, Flora Don, for divorce

Dismissal and Nonsuit, 18 C. J. p. 1188, n. 66.
Divorce, 19 C. J. p. 111, n. 48; p. 142, n. 52; p. 147, n. 85; p. 186, n. 30.
New Trial, 29 Cyc. p. 761, n. 5; p. 827, n. 45.
Trial, 38 Cyc. p. 1558, n. 27.

upon the ground of cruel treatment. Trial of the case resulted in a verdict for the plaintiff. The defendant's motion for a new trial was overruled, and she excepted. The motion consists of the general grounds, and three special grounds as follows: "(1) Because the court erred in overruling and denying defendant's motion to strike plaintiff's petition for divorce, upon the grounds: (a) That said petition set out no cause of action for divorce, total or partial. (b) Because none of the facts set out in said petition singly or collectively constituted acts of cruel treatment, legally sufficient to warrant divorce. (2) Because the court erred in requiring defendant to proceed to trial in the pending suit for divorce by her said husband, when such suit involving defendant's right to alimony was then pending in the Supreme Court of Georgia and undetermined therein. (3) Because the court, at the conclusion of the testimony introduced by plaintiff, refused on motion of defendant to grant a judgment of nonsuit." The bill of exceptions also assigns error on the refusal of the court to dismiss the plaintiff's petition, on the grounds: (1) that the petition set out no cause of action; (2) that the facts set out in the petition do not constitute acts of cruel treatment legally sufficient to warrant divorce. Error is also assigned on the refusal of the court to sustain defendant's motion not further to proceed in the trial of said suit for divorce until the defendant's suit for alimony pending in the Supreme Court should be tried and determined, and on the refusal to order a nonsuit.

*Don H. Clark,* for plaintiff in error.

*Edwin A. Cohen* and *Charles G. Edwards,* contra.