JOHNSON *v.* CALHOUN NATIONAL BANK.

No. 8811.   April 13, 1932.

*M. B. Eubanks,* for plaintiff in error.   *Y. A. Henderson,* contra.

Russell, C. J.   ■   The first error assigned in the bill of exceptions is that the court erred in taking up this case and rendering any judgment in the absence of defendant's attorney.   Quoting from the bill of exceptions, the error was based upon the following reasons:   "Having stated to defendant's attorney that he would not hold any court, and knowing that defendant's attorney relied upon such statement, it was error for the court to take said case up in his absence."   It is a fixed rule that an assignment of error in which the statement of facts is not verified and approved by the trial judge can not be considered.   A reviewing court can only know the truth of what transpired in the course of proceedings in the lower court by the statement approved by the court itself, which is not traversable and can not be contradicted.   As to this assignment of error, the court attached the following note: "The court did not tell Mr. Eubanks that it would hold no court but that no jury had been drawn.   Mr. Eubanks knew that the court would convene on the 4th Monday in Nov., 1931, to dispose of cases not requiring a jury, as was this case."   Counsel for plaintiff in error in his brief practically admits that this court can not consider the merits of the action of the court in proceeding with the trial, saying:   "I am probably precluded, under the certificate of the trial judge, from urging my absence as a reason for not taking up the case."

■ ■ The second assignment of error attacks the judgment rendered by the court in favor of the plaintiff and against the defendant, it being alleged in the bill of exceptions: "(2) That said case presented issues of fact which could only have been settled by a verdict. (3) Because the judgment finding a lien against the claimed exemption was not on an unconditional contract, and could only be based upon the verdict of a jury. (4) Because the verdict is contrary to law." We shall consider these three exceptions together. The same question as is now before us was before this court in *Harris* v. *Woodard,* 133 *Ga.* 104 (65 S. E. 250). In delivering the opinion of the court Mr. Chief Justice Fish said: "We pass over the questions of construction raised as to the petition, process, and service, and come to a question the solution of which is, we think, free from doubt or difficulty. Was the judgment as amended one which the court could render, without the intervention of a jury, under its power to so render judgment against a defendant in a suit upon an unconditional contract in writing, when no issuable defense is filed on oath or affirmation? Of course, if such a judgment could not have been rendered by the court originally, it could not be reached through a subsequent amendment of 'the original judgment. The court can render judgment, without the intervention of a jury, only in a suit upon an unconditional contract in writing, wherein no issuable defense has been filed on oath or affirmation, when the liability of the defendant can be definitely ascertained from a mere examination of the pleadings and the contract sued on. The pleadings are examined to ascertain who are the parties to the case, the character of the suit, the liability therein alleged, and whether any issuable defense on oath or affirmation has been filed. The contract sued on is exhibited to and inspected by the court for the purpose of ascertaining whether, upon the face thereof, it appears to be unconditional and the defendant is liable thereon as alleged. No oral evidence can be introduced and no written evidence other than the contract itself; whenever it is necessary to resort to such evidence in order to make out the plaintiff's case, the intervention of a jury is required and the judgment must be based upon a verdict. . . The original judgment, which was in personam, was the only one which could have been rendered without the verdict of a jury. To allow this judgment to be, by amendment thereof, changed from

670

one de bonis propriis to one de bonis testatoris, would be to permit the plaintiff to obtain a judgment against the estate of H. C. Harris without ever having submitted the proof necessary for such purpose, and in a way unauthorized by the law even if such proof were presented. The judgment as amended was therefore void." In this case the answer of the defendant was stricken, but under the pleadings and the provisions of the note it devolved upon the plaintiff, under the principle which we have just announced, to show that there was a proceeding in bankruptcy, that the bankruptcy court allowed a homestead, that the homestead was assigned, and any other facts necessary to establish the lien which was prayed for by the plaintiff. The evidence upon this subject must necessarily have been submitted to a jury.

*Judgment reversed. All the Justices concur.*