CATES *et al.* *v.* DUNCAN, administrator.

BELL, Justice. 1. The petition not only embraced a statutory application for partition (*Cates* v. *Duncan*, 180 *Ga.* 289, 179 S. E. 121), but it prayed also for an accounting from co-tenants for rents and profits, thus presenting a case in equity. Code of 1933, § 37-301; *Andrews* v. *Murphy*, 12 *Ga.* 431 (4); *Huff* v. *McDonald*, 22 *Ga.* 131 (68 Am. D. 487); *Drew* v. *Drew*, 151 *Ga.* 11 (105 S. E. 469); *Keating* v. *Fuller*, 151 *Ga.* 66 (105 S. E. 844).

2. In a suit in equity for a partition of land and other equitable relief, where some of the defendants filed an answer denying that the applicant was a cotenant, and asserting entire ownership in themselves, although it might have been erroneous for the judge to order a partition without causing the issues to be submitted to a jury (*Harris* v. *Woodard*, 133 *Ga.* 104, 65 S. E. 250), yet, the suit being one in equity, the order was not void for want of jurisdiction, but was conclusive between the parties, unless reversed or set aside in a proper proceeding. *Palmer* v. *Simpson*, 69 *Ga.* 792 (3); *Georgia Railroad &c. Co.* v. *Pendleton*, 87 *Ga.* 751 (13 S. E. 822); *Everett* v. *Westmoreland*, 92 *Ga.* 670, 673 (19 S. E. 37); *Crow* v. *American Mortgage Company*, 92 *Ga.* 815 (19 S. E. 31); *Stewart* v. *Sholl*, 99 *Ga.* 534 (2) (26 S. E. 757); *Bemis* v. *Armour Packing Co.*, 105 *Ga.* 293 (31 S. E. 173); *Koch* v. *Brockhan*, 111 *Ga.* 334 (36 S. E. 695); *Askew* v. *Melvin*, 144 *Ga.* 348 (2) (87 S. E. 278); *Crowell* v. *Akin*, 152 *Ga.* 126 (2), 135 (108 S. E. 791). Decisions involving similar action by the judge in cases at law are not in point. See *Brambert* v. *Scarborough*, 46 *Ga.* 398; *Thornton* v. *Mutual Building & Loan Association*, 113 *Ga.* 1141 (39 S. E. 481); *Harris* v. *Woodard*, supra; *Clark* v. *Lunsford*, 143 *Ga.* 513 (85 S. E. 708); *Johnson* v. *Calhoun National Bank*, 174 *Ga.* 667 (2) (163 S. E. 740).

3. The judgment ordering the partition was excepted to by the defendants who had filed answer, as indicated, but the writ of error was dismissed. *Cates* v. *Duncan*, supra. After several terms these defendants moved to set aside the order, on the ground that the issues should not have been concluded by the court without submission to a jury. The order not being void, the court did not err in refusing to entertain the motion so filed after the term in which the judgment was rendered and after the bill of exception had failed by dismissal. *Rice* v. *Carey*, 4 *Ga.* 558; *East Tenn., Va. & Ga. Ry. Co.* v. *Greene*, 95 *Ga.* 35 (22 S. E. 36); *McCandless* v. *Conley*, 115 *Ga.* 48 (2) (41 S. E. 256); *Sumner* v. *Sumner*, 118 *Ga.* 408 (45 S. E. 315); *Sims* v. *Georgia Railway & Electric Co.*, 123 *Ga.* 643 (51 S. E. 573); *Booth* v. *Mohr*, 125 *Ga.* 472 (54 S. E. 147).

4. Objections to an application for a partition or to the return of partitioners may not be filed later than the term next after the partitioners have made their return. Code of 1933, § 85-1509. Accordingly, the court did not err in refusing to allow such defendants to file objections at the second term after the filing of such return.

5. Where the plaintiff's right to a partition depended on the construction of a deed affecting all of the alleged cotenants alike, and at the time and place of hearing, all of such alleged cotenants having been duly

served, the court over objections of some of them passed an order adjudicating the cotenancy as alleged, and appointing partitioners to divide the land as prayed, this judgment, until reversed or set aside, was binding on all of the defendants, including those who did not appear or file objections to the appointment of the partitioners; and after a return was made by the partitioners, it was too late for those who had previously kept silent to file answers solely for the purpose of contesting the plaintiff's right to a partition. *Tate* v. *Goode*, 135 *Ga.* 738 (70 S'. E. 571, 33 L. R. A. (N. S.) 310); *Benson* v. *Andrews*, 149 *Ga.* 758 (102 S. E. 148); 34 C. J. 988, § 1407.

(a) These defendants were bound .to know that any of the defendants could file an answer at the term when the application was made, and that a ruling affecting the rights of all parties might be thus invoked before the actual appointment of partitioners. It follows that on the question of cotenancy these defendants, as well as those who invoked the ruling, were concluded by the judgment. *Latimer* v. *Irish-American Bank*, 119 *Ga.* 887, 893 (47 S. E. 322); *Lovelace* v. *Lovelace*, 179 *Ga.* 822, 825 (177 S. E. 685).

(b) Section 85-1509 of the Code of 1933, prescribing the time in which answers may be filed, must be construed in harmony with the rule as to the conclusiveness of judgments (see Code of ·1933, § 110-501, and will not authorize parties to file objections to the return of partitioners on grounds which were adjudicated upon the hearing of the application for their appointment.

6. Under the foregoing principles, the court did not err in any of the rulings complained of, or in entering final decree in favor of the applicant. *Judgment affirmed. All the Justices concur.*

No. 11120. JANUARY 17, 1936. REHEARING DENIED FEBRUARY 21, 1936.

*W. L. Nix*, for plaintiffs in error.

*R. F. Duncan, P. J. Avary, C. N. Davie*, and *J. F. Kemp*, contra.