## Mills et al. v. Williams.

Hawkins, Justice. 1. While equity jurisdiction ceases where the legislature gives a specific remedy at law (*Newton Manufacturing Co. v. White,* 47 *Ga.* 400; *Osborn* v. *Ordinary of Harris County,* 17 *Ga.* 123, (63 Am. D. 230), and while a specific legal remedy for partition is provided by statute (Code, §§ 85-1504 et seq.), and equity will not ordinarily take cognizance of a partition proceeding unless the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just (Code, § 85-1501; *Saffold* v. *Anderson,* 162 *Ga.* 408, 134 S. E. 81)—accounting between tenants in common will alone and of itself give a court of equity jurisdiction of a partition proceeding, whether or not there be other peculiar circumstances which render the proceeding in equity more suitable and just. Code, § 37-301; *Andrews* v. *Murphy,* 12 *Ga.* 431 (4); *Cates* v. *Duncan,* 181 *Ga.* 686 (183 S. E. 797); *Hill.*v. *McCandless,* 198 *Ga.* 737 (32 S. E. 2d, 774).

2. Where the petition alleged that the plaintiff and the defendant were joint owners or tenants in common of a described parcel of real estate by virtue of a deed conveying the property to them jointly, a copy of the deed being attached to the petition by amendment, and that the defendant had unlawfully ousted the plaintiff from the possession of the property, and the plaintiff sought an accounting against the defendant for one-half of the rental value of the premises, since the alleged ouster, and to recover of the defendant one-half of the State and county taxes on the premises, paid by the plaintiff, and the petition alleged that the premises consisted of a house and lot, which could not, because of the improvements thereon, be fairly and equally divided by metes and bounds, and prayed for a sale thereof and for a division of the proceeds with a lien against the defendant's share for the amount found to be due the plaintiff for rental and taxes—such petition stated an equitable cause of action for partition and accounting. Code, § 85-1511; *Lankford* v. *Milhollin,* 200 *Ga.* 512 (37 S. E. 2d, 197). In such a case the provisions of Code § 85-1506 as to notice required in a statutory partition do not apply. *Drew* v. *Drew,* 151 *Ga.* 11 (2) (105 S. E. 469). The trial court did not err in overruling the general grounds of the defendant's demurrer and the oral motion to dismiss the petition in the nature of a general demurrer.

3. While the judge of the superior court in an equitable partition proceeding may, in the exercise of a sound discretion, and in a proper case where the circumstances justify it—as where the proceeding is prosecuted for the common benefit of all of the tenants in common—allow compensation for the plaintiff's counsel as a charge against the fund arising from the sale of the land partitioned, where, as in this case, the proceeding is instituted and prosecuted for the sole benefit of the plaintiff, no such attorney fees should be allowed. *Werner* v. *Werner,* 196 *Ga.* 1 (25 S. E. 2d, 676, 146 A. L. R. 1263), and cases there cited and discussed. It was therefore error for the trial court to overrule paragraph 12 of the demurrer to paragraph 10 of the petition, seeking a recovery of attorney fees, and to admit evidence as to attorney fees, as complained of in the second ground of the amended motion for a new trial. However, since the trial court thereafter specifically

instructed the jury that they would not consider the question of attorney fees, and no attorney fees were awarded to the plaintiff by the jury, the erroneous rulings here complained of were rendered harmless and do not require a reversal. A plaintiff in error must not only show error, but error that harms him. *Mills* v. *Smith,* 203 *Ga.* 444, 448 (47 S. E. 2d, 260); *Gamble* v. *Gamble,* 207 *Ga.* 380 (61 S. E. 2d, 836).

4. In this case it appears from the petition that the plaintiff was the daughter-in-law of the defendant, being the former wife of the defendant's son, and that all of them previously lived together in the premises sought to be partitioned; the plaintiff alleging in paragraph 5 of her petition that on the date therein specified she was ousted from the premises in dispute by the defendant and her son telling her to leave and not come back, since which time the defendant and her son have been in the sole and exclusive possession of the premises. In paragraph 7, the petition alleges the reasonable rental value of the premises, and seeks to recover one-half thereof from the defendant because of the plaintiff being ousted therefrom, as alleged in paragraph 5. In paragraph 6 of the petition, the plaintiff alleged that, after being ousted as alleged in paragraph 5, she brought her action for divorce against the defendant's son, and was awarded a divorce on the ground of cruel treatment. To each of these paragraphs the defendant specially demurred on the grounds, that paragraph 5 was insufficient to allege an ouster, in that it failed to allege what the defendant or her son said or did; that the allegations of paragraph 6 as to the divorce proceeding failed to show how or wherein the action for divorce is material to the plaintiff's cause of action; that the allegations of paragraph 7 constitute no basis for the recovery of rent; and that the allegation that, by reason of the ouster of the plaintiff "as above set forth," she is entitled to recover rent, is a mere conclusion. *Held*:

(a) Each of these grounds of demurrer is without merit. Code § 85-1003 provides: "Every tenant in common shall have the right to possess the joint property, and as long as he occupies no greater portion of it than his own share would be on division, . . he shall not be liable to account for rent to his cotenant; but if he . . by any means deprives his cotenant of the use of his fair proportion of the property, or if he appropriates all to his exclusive use, . . he shall be liable to account to his cotenant." By Code § 85-1004 it is provided that if one cotenant receives more than his share of the rents and profits, he shall be liable therefor to the other cotenant, and that such claims may be set up in equity. See also *Thomson Development Co.* v. *Crutchfield,* 161 *Ga.* 448 (4) (131 S. E. 154). While the allegations thus demurred to might not be relevant to the issue of partition only— since the plaintiff sought to recover one-half of the rental value of the property from the defendant because of her alleged ouster therefrom by the defendant, and considering the relationship existing between the parties, that the plaintiff was the daughter-in-law of the defendant, who is alleged along with her son to have told the plaintiff to leave the premises and not come back, and that the defendant and her son have since had sole and exclusive possession of the premises—these allegations were relevant to the issue of ouster, and the trial court properly

overruled the demurrers. What is here said likewise disposes of the first ground of the amended motion for a new trial, which complains of the admission of the testimony of the plaintiff concerning the conduct of the defendant and her son, the plaintiff's husband, in ordering her to leave the premises, and the alleged cruel treatment accorded her by her husband at the time.

5. The sixth and eleventh grounds of the special demurrer were met by proper amendments.

6. The third ground of the amended motion for a new trial presents no question for determination by this court, for the reason that what is now insisted upon as an objection to the testimony of the plaintiff therein alleged to have been erroneously admitted did not amount to an objection, but was merely a statement by counsel that "I didn't ask her whether she tried to go back. I asked her about a key and whether she had been back since that time." See, in this connection, *Braswell* v. *Palmer*, 194 *Ga*. 484, 486 (22 S. E. 2d, 93).

7. The fourth ground of the amended motion complains that the court erroneously admitted in evidence "The verdict of the jury and the decree of the court in the case of Rhunell H. Williams *v*. Amos Williams, being case No. A-4132 brought in Fulton Superior Court." Neither the verdict and decree nor the substance thereof is set out in this ground of the motion for a new trial, nor attached thereto as an exhibit. "A ground of a motion for new trial complaining of the admission of documentary evidence can not be considered unless the form or the substance of the document objected to is set forth in the motion or is attached thereto as an exhibit." *Cottle* v. *Tomlinson*, 192 *Ga*. 704 (5) (16 S. E. 2d, 555); *Long* v. *Powell*, 120 *Ga*. 621 (1) (48 S. E. 185); *Stewart Brothers* v. *Randall Brothers*, 138 *Ga*. 796 (5) (76 S. E. 352).

8. The fifth ground of the amended motion complains because the trial court failed to grant the motion by counsel for the defendant "to strike all of the testimony of the plaintiff with reference to an alleged ouster"; but this ground of the motion, failing to set forth the evidence admitted, even in substance, presents no question for adjudication by this court. *Phinizy* v. *Bush*, 135 *Ga*. 678 (1) (70 S. E. 243); *Pippin* v. *State*, 205 *Ga*. 316 (7) (53 S. E. 2d, 482).

9. An exception to a refusal of the court to grant a nonsuit will not be considered where, as here, the case is subsequently submitted to a jury, a verdict is returned for the plaintiff, and a motion for a new trial is made which complains that the verdict is contrary to the evidence and without evidence to support it. *Pepper* v. *Flanagan*, 204 *Ga*. 265 (2) (49 S. E. 2d, 525); *Foremost Dairy Products* v. *Sawyer*, 185 *Ga*. 702, 716 (5) (196 S. E. 436); *Guffin* v. *Kelly*, 191 *Ga*. 880 (2) (14 S. E. 2d, 50); *Guess* v. *Morgan*, 196 *Ga*. 265 (26 S. E. 2d, 424); *Grice* v. *Grice*, 197 *Ga*. 686 (30 S. E. 2d, 183); *Don* v. *Don*, 163 *Ga*. 31 (3) (135 S. E. 409).

10. The exception, contained in the seventh ground of the amended motion for a new trial, that the trial court erred in giving to the jury the provisions of Code § 108-116 because the court did not give a further instruction in connection therewith, is without merit, because a correct charge is not rendered erroneous by a failure to give, in the same connection, some other pertinent legal proposition. *Wheeler* v.

*State,* 179 *Ga.* 287 (3) (175 S. E. 540); *Napper* v. *State,* 200 *Ga.* 626 (2) (38 S. E. 2d, 269); *First National Bank of Cornelia* v. *Kelly,* 190 *Ga.* 603, 606 (6) (10 S. E. 2d, 66).

11. Since the deed attached to the petition and introduced in evidence conveyed the premises in dispute to the plaintiff and the defendant jointly, they were tenants in common and, nothing else appearing, held equal shares in the property. Code, § 85-1001; *Carmichael* v. *Citizens & Southern Bank,* 162 *Ga.* 735 (6) (134 S. E. 771); *Baker* v. *Shepherd,* 37 *Ga.* 12. The trial court did not err in charging the jury, as complained of in the eighth ground of the amended motion for a new trial, that under the facts and pleadings in this case the plaintiff and the defendant were common owners of the property described.

12. The evidence was in conflict as to whether the plaintiff had been ousted from the premises by the defendant, as contended by the plaintiff, or whether she voluntarily and without cause left and abandoned the premises, as contended by the defendant. It was therefore not error for the trial court to refuse to give in charge to the jury a timely written request, as complained of in the ninth ground of the amended motion for a new trial, which contained a statement that the undisputed evidence showed that the plaintiff had moved from said premises and was therefore not entitled "to ask for or to receive any rent from said premises for which she has prayed in her petition." *Flanagan* v. *Scott,* 102 *Ga.* 399 (4) (31 S. E. 23); *Mitchell* v. *Crummey,* 134 *Ga.* 383 (2) (67 S. E. 1042).

13. The answer of the defendant, and the intervention filed by the defendant's son and the plaintiff's former husband—wherein it is alleged that the son and husband paid the purchase price of the property involved and caused the deed thereto to be made to the plaintiff and the defendant, his wife and his mother respectively; that the son paid off certain described loans against the property; that he paid certain other sums for repairs, improvements, insurance, and taxes on the property; and the intervention praying that the expenditures made by the intervenor be allowed and set up as debts against the property, and that, in the event of a sale of the property, the expenditures made by him be paid to him out of the proceeds of any such sale—failed to set up any valid defense to the plaintiff's petition, or any right of recovery in the intervenor, and the trial court did not err in dismissing the intervention. Code § 108-116 provides that, where a son and husband pays the purchase money for property and causes the conveyance to be made to his mother and his wife, it shall be presumed to be a gift. While this presumption is rebuttable, there were no allegations in the intervention sufficient to rebut the presumption. It is not alleged that the intervenor did not intend to make a gift to his wife and his mother; that there was any contract, agreement, or understanding that they were to hold the property for the intervenor, or that he was in any event to have an interest in the title. *Bell* v. *Bell,* 154 *Ga.* 850 (115 S. E. 645); *Williams* v. *Thomas,* 200 *Ga.* 767 (38 S. E. 2d, 603). It is not alleged that either of the loans paid off by him while living with his wife and his mother was transferred to him, or that there was any agreement or understanding between them that he was to be reimbursed for any sums expended by him for repairs, improvements,

insurance, or taxes on the property while living thereon with his wife and his mother. So far as appears from the allegations of the intervention, these expenditures were voluntarily made by the intervenor while living with his wife and his mother, and in providing a home for himself, his wife, and his mother. As such voluntary payments they are not recoverable by the intervenor. Code, § 20-1007; *Graves* v. *Carter,* 208 *Ga.* 5 (3) (64 S. E. 2d, 450); *Hartley* v. *Hartley,* 50 *Ga. App.* 848 (179 S. E. 245).

14. The evidence demanded a verdict for partition in favor of the plaintiff; and while conflicting on the issue of ouster and recovery of rental value, was sufficient to authorize the verdict; and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 17546. SUBMITTED SEPTEMBER 12, 1951—DECIDED OCTOBER 10, 1951.

*Norman I. Miller* and *Clark Ray,* for plaintiffs in error.
*Newell Edenfield,* contra.