### 23079. GOODMAN et al. v. GEORGIA RAILROAD BANK & TRUST COMPANY, Executor.

PER CURIAM. The exception here is to a judgment sustaining a general demurrer to a petition for equitable relief and dismissing it. Respecting this exception the record shows: The estate of Mrs. Rose S. Harkins owns an undivided half interest in certain improved realty located in the City of Augusta, Richmond County, and Mrs. Jane R. Goodman, Mrs. Lillian R. Simon and Mrs. Bobby R. Moss are the owners of the other undivided half. On January 15, 1965, the Georgia Railroad Bank & Trust Company, as executor of the estate of Mrs. Rose S. Harkins, notified Mrs. Goodman, Mrs. Simon and Mrs. Moss that it would on February 18, 1965, present an application to partition the common property under the provisions of *Code* § 85-1511 to the Judge of the Superior Court, Second Division, of Richmond County. On February 15, 1965, Mrs. Goodman, Mrs. Simon and Mrs. Moss filed a suit in the Superior Court of Richmond County in which they prayed that the Georgia Railroad Bank & Trust Company as executor of

the estate of Mrs. Harkins be temporarily and permanently enjoined from instituting and prosecuting its proposed partition proceeding. Their petition in substance alleges that all of the common owners of such property had leased it to A. A. Friedman Company of Augusta, Georgia, for a term beginning in 1960 and ending in 1970; that the lessee had breached the terms of the lease contract, had not taken possession of the property, had failed and refused to pay the monthly rent fixed by the terms of the lease contract; that litigation had been instituted by the lessors against the lessee to collect such rent; that a verdict and judgment had been rendered in their favor for the full amount of the rent due and that such judgment had been appealed from but not decided and for that reason their judgment had not become final. Their petition also alleges that a sale of the property under such circumstances would be detrimental to the interest of petitioners since the property in all probability would not bring its full value at a public sale. They also allege that they, because of their lack of financial ability to do so, would not be in a position to protect their interest in such property by bidding on and purchasing it if it should be sold by partition commissioners at a public sale. The defendants demurred to the petition on the ground that it stated no cause of action and that the petitioners have an adequate and complete remedy at law under *Code* § 85-1509 which authorizes them to interpose objections to a partitionment and sale of the common property under the provisions of *Code* § 85-1511. The demurrers were sustained and the petitioners assigned error on that judgment. *Held:*

1. Equity grants no relief to one who has an adequate remedy at law. *Code* § 37-120. *Werner v. Werner*, 196 Ga. 1 (25 SE2d 676, 146 ALR 1263).

2. "In all cases where two or more persons are common owners of lands and tenements . . . any one of such common owners may apply to the superior court of the county in which such lands and tenements are situated . . . for a writ of partition, which application shall be by petition, setting forth plainly and distinctly the facts and circumstances of the case, describing the premises to be partitioned and defining the share and interest of each of the parties therein." *Code* § 85-1504.

3. When application to partition realty is made by one of the common owners, any other common owner thereof may "by

way of defense, show any good and probable matter in bar of the partition asked for . . . whereupon an issue shall be made up and tried by a jury, as in appeal cases." *Code* § 85-1509. And since the petitioners in this case by answer to the partition application could have set up and shown all of the reasons alleged in their petition why the common property should not be partitioned, their petition for injunctive relief failed to state a cause of action and was subject to dismissal on general demurrer. In this connection, see *Cashin v. Markwalter*, 208 Ga. 444 (1) (67 SE2d 226) and the cases there cited.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED SEPTEMBER 14, 1965—DECIDED OCTOBER 7, 1965.

*Hull, Willingham, Towill & Norman, James M. Hull, Jr., David Heinsma*, for plaintiffs in error.

*Congdon & Williams, W. Barry Williams*, contra.