24907. GIFFORD et al. v. COURSON et al.

SUBMITTED NOVEMBER 12, 1968—DECIDED DECEMBER 5, 1968.

*Sumner & Boatright, J. Laddie Boatright,* for appellants.

*M. L. Preston, Arthur C. Farrar,* for appellees.

MOBLEY, Justice. Ten individuals, as petitioners, brought a petition seeking equitable partition of a 58-acre tract of land against two named defendants, alleging that they were all joint owners of the described land, and praying that the court appoint a special commissioner or receiver to sell the property. The court entered an order, after hearing, finding that the land should be partitioned in equity by sale thereof and the proceeds divided according to the interest of each party therein. He made a further finding that "the owners of said lands and their respective interests are set out in said petition." The order appointed a receiver, provided for bond, and for sale by receiver after prescribed notice, subject to approval of the court. Thereafter, the order was amended by naming two additional receivers, all three of the receivers being petitioners. The property was duly advertised for sale by the receivers.

The defendants filed a pleading praying, among other things, that the petitioners be enjoined from selling or otherwise disposing of the property for numerous reasons set out therein, for supersedeas, etc. Supersedeas was granted and the property was not sold. Thereafter the court entered an order on September 6, 1968, after hearing argument of counsel providing that: It is ordered that the lands be sold at public outcry to the highest bidder for cash, between the legal hours of sale, on the first Monday in October, 1968, after advertisement once a week for four weeks prior to the date of the sale in the local newspaper, the official organ of the county; and ordered further that the

proceeds from the sale of the property be held by the receivers until further order of the court. The appeal is from that order.

The appellants enumerate a number of errors. However, a decision on Enumeration of error 1, alleging that the court erred in entering its order of September 6, 1968, ordering the land sold, in our view disposes of the case.

"Under the *Code* § 85-1504, an application to partition lands between tenants in common may be instituted at law, or it may be brought in equity whenever the remedy at law is insufficient or peculiar circumstances render the proceeding in equity more suitable and just. *Code* § 85-1501. But, unless for some special reason equitable jurisdiction is applicable, a party seeking the writ of partition is required to resort to the remedy afforded by the statute. *Werner v. Werner,* 196 Ga. 1 (25 SE2d 676, 146 ALR 1263)." *Cashin v. Markwalter,* 208 Ga. 444 (1) (67 SE2d 226); *Goodman v. Georgia R. Bk. & Tr. Co.,* 221 Ga. 396 (1, 3) (144 SE2d 764).

The petitioners had an adequate remedy at law. Statutory partition, the remedy at law, was not inadequate, nor were there any peculiar circumstances rendering the proceeding in equity more suitable and just. The allegations that this equitable suit is necessary to avoid a multiplicity of actions, to obtain the best price for the land, and to afford a better, more efficient, simpler, and less expensive manner of partition, are mere conclusions of the pleader with no allegations or evidence to support them. In fact, the record in this case demonstrates that the proceeding in equity has been just the opposite of that which the petitioners alleged would be true.

Special statutory proceedings are preserved under the Civil Practice Act to the extent that they prescribe specific rules of practice and procedure in conflict with the Civil Practice Act. Ga. L. 1966, pp. 609, 668; Ga. L. 1967, pp. 226, 241 (*Code Ann.* § 81A-181).

Only two issues are necessary for determination in partitioning this land, to wit: (1) Whether it should be sold for division, or whether it should be divided by metes and bounds. This is a question the trial judge has the legal right to decide without a jury. *Rodgers v. Price,* 105 Ga. 67 (31 SE 126); *Howell v.*

*Howell,* 159 Ga. 603 (2) (126 SE 374). (2) What the interest of each of the petitioners is in the property, and whether Danny Courson owns any interest. This is a jury question. *Code* § 85-1509 provides that in a partition proceeding (at law) where title to the land is at issue, such issue shall be tried by a jury as in appeal cases. See *Code* § 6-601 for trial of appeal cases. *Code* § 85-1509 is not applicable to equitable partition. *Drew v. Drew,* 151 Ga. 11 (105 SE 469).

Accordingly, where, as here, the petitioners had an adequate remedy at law by statutory partition, it was error for the court to proceed in equity, and the court erred in ordering the property sold. That order, as well as others entered in the case, is nugatory and void.

*Judgment reversed. All the Justices concur.*