25504. BODREY v. BODREY, Guardian.

SUBMITTED NOVEMBER 10, 1969—DECIDED DECEMBER 5, 1969.

*Guy V. Roberts, Jr.,* for appellant.

*J. Alton Gladin, Bloodworth & Bloodworth, Luther U. Bloodworth, T. Coleman Bloodworth,* for appellee.

FELTON, Justice. Involved here is jurisdiction of an appeal from a judgment of the Superior Court of Crisp County, Georgia, ordering a sale by commissioners appointed to divide or sell a lot with a dwelling located thereon, said order issued in a statutory partition proceeding under *Code Ann.* §§ 85-1504, 85-1511. The Court of Appeals transferred the case to this court with a memorandum attached consisting of the following citations: *Cates v. Duncan,* 181 Ga. 686 (183 SE 797); *Hill v. McCandless,* 198 Ga. 737 (32 SE2d 774); *Mills v. Williams,* 208 Ga. 425 (67 SE2d 212).

The *Hill* and *Mills* citations are inapt because in the *Hill* case the answer sought and prayed for an equitable accounting which gave jurisdiction to this court and in the *Mills* case the petition was one under *Code* § 37-301 with prayer for process, partition and accounting, which also gave jurisdiction to this court. In the *Cates* case this court misconstrued the cases cited in the first headnote to include cases where a statutory partition was sought and the application filed after the required 20-day notice of intention to apply for partition included a prayer for

an accounting between or among tenants in common. *Code* § 37-301 authorizes an equitable action for accounting, but under the old pleading and the new it contemplated *only* petitions in equity involving the traditional filing of the action and the issuance and service of process. We think that this court had jurisdiction in the *Cates* case because, under Division 2 of the opinion, title to land was involved. The trouble is with Division 1 of the opinion, which is too broad and *includes* cases which should be excluded. We expressly disapprove the *Cates* judgment and that in any other case so holding insofar as it or they hold that equity has jurisdiction of a purely statutory partition case *merely* because the application for partition prays for an accounting as to common grantors where there was no filing of a suit and summons and process. Those cases are contrary to older unanimous decisions to the contrary. As to the cases cited in Division 1 of the *Cates* case: in *Andrews v. Murphy,* 12 Ga. 431, a bill in equity was filed for accounting for rent and value of a house removed from the property; in *Huff v. McDonald,* 22 Ga. 131 (68 AD 487), a bill in equity was filed praying for discovery and accounting, etc.; in *Drew v. Drew,* 151 Ga. 11 (105 SE 469), there was what the court said was an equitable proceeding to partition land in which the rule applicable to statutory proceedings did not apply; in *Keating v. Fuller,* 151 Ga. 66 (105 SE 844), the court held that the case was a suit in equity. We think that the law is correctly stated in the headnote in *Anderson v. Anderson,* 151 Ga. 518 (107 SE 334). In the instant case there was neither an equitable petition for an accounting (no unusual petition having been filed calling for summons, process and service) nor a petition alleging reasons why the statutory proceeding followed was inadequate and why equitable powers should be involved. See especially *Gifford v. Courson,* 224 Ga. 840 (165 SE2d 133). Since there is in this case no subject matter whatsoever over which this court has jurisdiction, the case is

*Returned to the Court of Appeals. All the Justices concur*